THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID PEREZ, Defendant-Appellant.

First District (2nd Division)   Nos. 81—3117, 82—770 cons.

Opinion filed May 31, 1983.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Bruce A. Cardello, and Larry J. Crown, Assistant State's Attorneys, of counsel), for the People.

Steven Clark and Gordon H. Berry, both of State Appellate Defender's Office, of Chicago, for David Perez.

PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Following a bench trial, defendant, David Perez, was convicted of murder (Ill. Rev. Stat. 1981, ch. 38, par. 9—1(a)), attempt (murder) (Ill. Rev. Stat. 1981, ch. 38, par. 8—4), and two counts of armed violence (Ill. Rev. Stat. 1981, ch. 38, par. 33A—2). At the time of the incident which led to his conviction, defendant was 16 years old. Following his conviction, defendant was sentenced to terms of imprisonment consisting of concurrent terms of 35 years for murder and 10 years for armed violence; consecutive to concurrent terms of 15 years for attempt (murder) and 10 years for armed violence.

Defendant was sentenced on July 15, 1980, after his motion for a new trial was denied. On July 29, 1981, defendant filed a post-conviction petition pursuant to the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1981, ch. 38, par. 122—1 et seq.). Defendant requested that the trial court appoint the State Appellate Defender to prosecute the appeal of his conviction and that he be allowed to file a late notice of

appeal. The State's motion to dismiss defendant's post-conviction petition was denied. Defendant was granted leave to file a notice of appeal. The State appeals the trial court's order granting defendant's post-conviction relief. Both appeals have been consolidated in this court.

These appeals present the following issues: (1) whether the trial court acted properly by granting defendant's post-conviction relief and denying the State's motion to dismiss defendant's petition; (2) whether the trial court erred by reviewing the pretrial transcript during the trial; and (3) whether the trial court abused its discretion by sentencing defendant to consecutive terms of imprisonment.

The underlying facts of this case show that Wilfredo Dones, age 17, and his girlfriend, Bernice Pagan, age 16, were walking from the Kenmore playground at Belmont and Kenmore Streets in Chicago at about 10 p.m. on August 5, 1978, when two men approached them from behind. One of the men, later identified as defendant, pulled a gun and shot Dones in the head from a distance of about three feet. The defendant then turned to Pagan and at point blank range shot her in the face. Dones died three days later. After surgery and extensive medical treatment, Pagan recovered from her wound.

Following an investigation of the incident, defendant was arrested. He was represented throughout the proceedings by a court-appointed attorney. The case was transferred from the juvenile court. (Ill. Rev. Stat. 1981, ch. 37, par. 702—7.) Defendant's motions to quash his arrest and suppress identification testimony were heard and denied by Judge Frank Wilson. Thereafter, Judge Wilson retired. This cause was then heard by Judge Maurice D. Pompey. During the initial stages of the trial, the State suggested that Judge Pompey review the pretrial transcript in order to familiarize himself with matters of evidence previously decided by Judge Wilson. Over defendant's objection, Judge Pompey reviewed the pretrial transcript and then proceeded with the trial. At the conclusion of the trial, defendant was found guilty of murder, attempt (murder) and two counts of armed violence.

On July 15, 1980, defendant filed a post-trial motion for a new trial, asserting general violations of his constitutional rights. Defendant's post-trial motion was denied and sentence was pronounced. The trial court admonished defendant regarding his right to appeal and to have counsel appointed for appeal. When defendant's trial counsel indicated that he could not represent defendant on appeal, the following colloquy occurred:

"THE COURT: So that the record is clear, are you requeting

[*sic*] today for the court to appoint the Public Defender as your attorney for the purpose of appeal, Mr. Perez?

THE DEFENDANT: Yes.

THE COURT: Very well, the Public Defender is appointed *** ."

The record does not show any further activity regarding defendant's appeal until March 30, 1981, when defendant filed, *pro se*, a letter with the trial court indicating that he had not received notice from the public defender regarding his appeal. Defendant requested that the trial court investigate the status of his appeal. The record next indicates that a post-conviction petition, signed by defendant, was filed pursuant to the Act. Defendant was once again represented by the attorney who had represented him at trial for the purpose of the post-conviction proceedings. Defendant's petition requested that the State Appellate Defender be appointed to prosecute defendant's appeal and that the Appellate Defender be allowed to file a late notice of appeal. The State responded with a motion to dismiss defendant's post-conviction petition, contending that no constitutional issue was raised by the petition, thereby precluding relief under the Act.

A hearing was held on April 17, 1981, following which the trial court granted defendant's petition and allowed the Appellate Defender 30 days to file a notice of appeal on defendant's behalf. The State appealed (No. 82—770) the trial court's order denying the State's motion to dismiss defendant's post-conviction petition. Defendant challenges his conviction (No. 81—3117), asserting as error: (1) that he was prejudiced by the trial court's review of the pretrial transcript, and (2) that the trial court should have imposed concurrent rather than consecutive terms of imprisonment in light of defendant's youth, lack of criminal past and potential for rehabilitation.

I

■ At the outset, we consider the issue raised by the State's challenge to the November 17, 1981, trial court order which allowed defendant to file his notice of appeal 17 months after his conviction.[1] The State argues that defendant's post-conviction petition fails to present a constitutional issue and, therefore, is not subject to review under the Act. The pertinent part of the Act which defendant invoked reads as follows:

"Sec. 122—1. Petition in the Trial Court. Any person impris-

---

[1]Supreme Court Rule 606(b) (87 Ill. 2d R. 606(b)) provides that a notice of appeal shall be filed within 30 days after entry of the final judgment.

oned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article. \*\*\*" (Ill. Rev. Stat. 1981, ch. 38, par. 122—1.) Defendant bears the burden of establishing the existence of a substantial constitutional deprivation in order to initiate relief under the Act. (*People v. Moore* (1975), 60 Ill. 2d 379, 384, 327 N.E.2d 324.) The purpose of the post-conviction proceeding is to inquire into the constitutional issues stemming from the original conviction which have not already been adjudicated—including those issues which have been directly appealed or could have been directly appealed. (*People v. Ford* (1981), 99 Ill. App. 3d 973, 976, 426 N.E.2d 340.) The Act requires that defendant's petition "shall \*\*\* clearly set forth the respects in which petitioner's constitutional rights were violated." (Ill. Rev. Stat. 1981, ch. 38, par. 122—2.) Here, defendant's petition identified the proceedings in which he was convicted, the trial court's pronouncement of defendant's rights on appeal, and the fact that the public defender took no action on defendant's behalf after being appointed to do so.

It is defendant's contention that the failure of the public defender to act on his appeal amounts to a deprivation of his right to appeal, which is a violation of his constitutional right to the assistance of counsel. The State counters by arguing that the allegations in a post-conviction petition based upon counsel's failure to file a timely notice of appeal is not a constitutional question which is reviewable under the Act because it does not arise from the proceedings which resulted in defendant's conviction. However, an allegation of ineffective assistance of appellate counsel may raise an issue of constitutional dimensions "which is cognizable in a post-conviction proceeding." *People v. Edgeworth* (1975), 30 Ill. App. 3d 289, 296, 332 N.E.2d 716, *appeal denied* (1975), 60 Ill. 2d 598; see also *People v. Howard* (1981), 94 Ill. App. 3d 797, 801, 419 N.E.2d 702.

The case before us is just such a situation in which the inaction of appellate counsel resulted in a violation of defendant's constitutionally protected rights. Defendant had exhibited an intent to appeal his conviction and responded positively when asked by the trial court if he wished to have the public defender appointed to assist him in his appeal. The trial court appointed the public defender to assist defendant, and defendant relied upon the public defender to file a notice of appeal in this matter. A notice of appeal was never filed. There is no indication in the record which explains the apparent lack of diligence

by the public defender. Under these circumstances, the total lack of assistance provided to defendant amounted to a violation of his rights which was appropriately challenged through a post-conviction petition. See *People v. Jones* (1976), 36 Ill. App. 3d 315, 319, 343 N.E.2d 525.

The right to appeal a criminal conviction is fundamental (*Nance v. United States* (7th Cir. 1970), 422 F.2d 590, 592) and is guaranteed by the Illinois Constitution of 1970 (Ill. Const. 1970, art. VI, sec. 6; *People v. Carter* (1980), 91 Ill. App. 3d 635, 638, 415 N.E.2d 17). The procedures for effecting this right to appeal are purely statutory and must be complied with in order to invoke the appellate court jurisdiction. (*People v. Carter* (1980), 91 Ill. App. 3d 635, 638.) However, the fact that appellate review is such an integral part of the Illinois trial system for adjudicating guilt or innocence (*Griffin v. Illinois* (1956), 351 U.S. 12, 18, 100 L. Ed. 891, 898, 76 S. Ct. 585, 590) leads us to the conclusion that a complete denial of access to that process, such as occurred here, amounts to a denial of a right of constitutional magnitude.

■ The State questions the propriety of the relief granted to defendant and the trial court's authority to allow a late notice of appeal to be filed. Although the relief granted by the trial court in this instance is not the usual remedy provided in a post-conviction proceeding, under these circumstances it was the appropriate relief. The Act allows the trial court to "enter an appropriate order with respect to the judgment or sentence in the former proceedings and such supplementary orders as to rearraignment, retrial, custody, bail or discharge as may be necessary and proper." (Ill. Rev. Stat. 1981, ch. 38, par. 122–6.) The trial court is not limited in its remedies by section 122–6 and the purpose of the Act, which is to promote the concept of fundamental fairness, was served by the trial court's order here. See *People v. Frank* (1971), 48 Ill. 2d 500, 504, 272 N.E.2d 25.

II

■ Defendant contends that the trial court committed prejudicial error by reviewing the pretrial transcript of the hearing before another judge. Defendant argues that his conviction was based in part upon the trial court's examination of these materials which were not a part of the trial record and which were prejudicial.

In a bench trial, the trial court is presumed to have considered only competent evidence. (*People v. Shaw* (1981), 98 Ill. App. 3d 682, 686-87, 424 N.E.2d 834, *appeal denied* (1981), 85 Ill. 2d 581.) "In order to rebut this presumption, there must be an affirmative showing on the record that the court actually used the improper evidence."

(*People v. Shaw* (1981), 98 Ill. App. 3d 682, 687; see also *People v. Lester* (1981), 102 Ill. App. 3d 761, 768, 430 N.E.2d 358.) Our review of the record does not support defendant's contention that the trial court considered any improper material. The trial court's findings were based upon the evidence adduced at trial and upon the trial court's analysis of the credibility of the witnesses. Defendant has not clearly demonstrated that the trial court based its decision in any way upon materials outside the trial record.

### III

■ Defendant further contends that the trial court erred by imposing consecutive rather than concurrent terms of imprisonment as sentence. Defendant argues that his age, lack of previous criminal conduct and potential for rehabilitation warranted concurrent terms of imprisonment.

It is well settled that a court of review will not substitute its judgment for that of the trial court, absent a clear showing of an abuse of discretion, when considering the propriety of the sentence imposed. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882.) Undoubtedly, consecutive sentences should be imposed sparingly. (*People v. Zadel* (1979), 69 Ill. App. 3d 681, 683, 387 N.E.2d 1092.) However, after consideration of the defendant's character and background, as well as the nature and circumstances of the crime, a court may feel that consecutive sentences are necessary for the protection of the public from any further criminal activity. *People v. DeSimone* (1982), 108 Ill. App. 3d 1015, 1023, 439 N.E.2d 1311.

The record here reveals that the trial court considered defendant's age and background as mitigating factors. However, the trial judge explained that he felt very strongly that it was necessary for the protection of the public that consecutive sentences be imposed, emphasizing the "execution style" killing of Dones and the senseless shooting of Pagan. See *People v. Davis* (1974), 20 Ill. App. 3d 948, 957, 314 N.E.2d 723, *appeal denied* (1974), 56 Ill. 2d 588.

Defendant argues that he is only a juvenile and, as such, is not a hardened criminal "whatever the crime." The baseless excuses defendant offered as possible explanations for his conduct (*e.g.*, peer pressure) show no sense of remorse. One wonders what an individual must do, and at what age, to be considered a hardened criminal. And let us not forget the grief and pain caused to the victim Pagan and to the families of both victims. They, as well as the public, must be protected against such brutal acts.

## IV

■ Lastly, we feel compelled to discuss a question regarding defendant's convictions and sentences for armed violence which were based upon the same physical acts which led to his convictions for murder and attempt (murder). Under current Illinois law, a conviction for armed violence cannot stand when it is based upon the same physical act which served as the basis for the underlying felony charge. (*People v. Donaldson* (1982), 91 Ill. 2d 164, 170, 435 N.E.2d 477.) Here, defendant was charged, convicted and sentenced for murder and armed violence based upon the same act; and defendant was charged, convicted and sentenced for attempt (murder) and armed violence based upon the same physical act. Judgment should have been entered and sentence imposed only on the more serious offense. (*People v. Smith* (1982), 111 Ill. App. 3d 494, 501, 444 N.E.2d 565.) Therefore, defendant's convictions and 10-year-sentences for both armed violence charges are vacated in Case No. 81—3117, and in all other respects the judgment in said case is affirmed.

The November 17, 1981, order of the trial court in Case No. 82—770 denying the State's motion to dismiss defendant's post-conviction petition is affirmed.

The judgment of the circuit court of Cook County is affirmed in part and, in part, vacated.

Affirmed in part; vacated in part.

STAMOS and HARTMAN, JJ., concur.