THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANCIS SCOTT, Defendant-Appellant.

First District (2nd Division)   No. 84—786

Opinion filed April 22, 1986.—Rehearing denied June 3, 1986.

James J. Doherty, Public Defender, of Chicago (Frank P. Madea, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Dean P. Karlos, and James E. Tyrrell, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant, convicted by a jury of escape (Ill. Rev. Stat. 1985, ch. 38, par. 31—6), appeals the circuit court's denial of his petition for relief under the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*). He contends that the circuit court erred in denying his petition which alleged ineffective assistance of counsel where, subsequent to the trial, the court appointed appellate counsel who failed to file a timely notice of appeal, thereby precluding defendant's appeal as of right from his conviction.

At trial, defendant represented himself. He was aided by an assistant public defender, however, who offered advice and made defendant's closing argument. At this sentencing hearing, the circuit

court granted defendant's request that the State Appellate Defender's office be appointed to handle his appeal. Defendant maintains that he relied upon appointed counsel to perfect the appeal, including the filing of a notice of appeal. In fact, no notice of appeal was filed and it is the failure of appointed counsel to do so which defendant asserts amounts to ineffective assistance of counsel cognizable under the Act. We agree.

The Act provides that persons imprisoned in the penitentiary asserting substantial denials of their rights under the constitutions of the United States or of Illinois, or both, in the proceedings which resulted in their conviction may institute a proceeding under article 122 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*).

In *People v. Perez* (1983), 115 Ill. App. 3d 446, 450 N.E.2d 870, *appeal denied* (1983), 96 Ill. 2d 547, this court held that allegations of ineffective assistance of appellate counsel raised questions of constitutional dimensions reviewable under the Act. (See also *People v. Edgeworth* (1975), 30 Ill. App. 3d 289, 296, 332 N.E.2d 716.) As in the instant case, *Perez* involved a defendant whose request for the appointment of appellate counsel was granted; however, the appointed counsel never filed notice of appeal, prompting defendant to file a post-conviction petition alleging ineffective assistance of appellate counsel. (*People v. Perez*, (1983), 115 Ill. App. 3d 446, 448-49, 450 N.E.2d 870.) The circuit court granted defendant's petition and allowed him to file a late notice of appeal. (115 Ill. App. 3d 446, 447-48, 450 N.E.2d 870.) We affirmed this portion of the circuit court's judgment, holding that the complete lack of assistance to defendant in pursuing his appeal violated constitutional rights cognizable under the Act. (115 Ill. App. 3d 446, 451, 450 N.E.2d 870.) We also expressly rejected the argument raised by the State, as here, that because appellate counsel's failure to file a timely notice of appeal did not arise from the proceedings which resulted in defendant's conviction, defendant's post-conviction petition did not raise an issue cognizable under the Act. 115 Ill. App. 3d 446, 450, 450 N.E.2d 870.

This court's position was recently buttressed in *Evitts v. Lucey* (1985), 469 U.S. 387, 395-400, 83 L. Ed. 2d 821, 829-32, 105 S. Ct. 830, 836-38. There, the United States Supreme Court held that the due process clause of the fourteenth amendment guarantees one convicted of a crime the effective assistance of counsel on his first appeal where the direct appeal, as here, is a matter of right. In that case, respondent's appeal had been dismissed after his trial counsel failed to file a proper "statement of appeal" as required by Kentucky law. The Ken-

tucky court of review upheld the dismissal of the appeal. Respondent's subsequent *habeas corpus* petition was allowed by the Federal district court, which found that the respondent had received ineffective assistance of counsel, a determination affirmed by the circuit court of appeals (*Lucey v. Kavanaugh* (6th Cir. 1984), 724 F.2d 560). The Supreme Court agreed that the error by respondent's trial counsel had deprived him of his fourteenth amendment protection.

■ The State's contention here that defendant was *pro se* at trial and cannot be heard to complain of ineffective assistance of counsel is also without merit. Defendant's request for the assistance of appellate counsel was granted by the circuit court at the sentencing hearing; at that point he was no longer *pro se*. The failure of appointed appellate counsel to file a timely notice of appeal deprived defendant of his right to appeal his conviction. The circuit court erred in denying leave to file a late notice of appeal.

Accordingly, the judgment of the circuit court must be reversed and the cause is remanded with directions to appoint appellate counsel and allow filing of a late notice of appeal.

Reversed and remanded.

BILANDIC, P.J., and SCARIANO, J., concur.