THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES THOMAS, Defendant-Appellant.

Second District    No. 2—96—1228

Opinion filed October 28, 1997.

Terry L. Deck, of Rockford, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, James Thomas, appeals from the trial court's denial of his postconviction petition and his motion to reconsider his sentence. We reverse and remand for further proceedings.

On April 22, 1991, defendant entered a partially negotiated plea of guilty to a reduced charge of residential burglary (Ill. Rev. Stat. 1991, ch. 38, par. 19—3(a) (now 720 ILCS 5/19—(3)(a) (West 1996))). No agreement was reached regarding the sentence to be imposed. In August 1991, defendant filed a motion to withdraw his plea, alleging that his trial counsel had advised him that only his prior conviction would be used in aggravation at the sentencing hearing and that, if he had been aware that the State intended to introduce additional testimony in aggravation, defendant would not have entered his plea. After an evidentiary hearing on September 10, 1991, the court found there was no breach of the plea agreement and denied the motion to withdraw his guilty plea.

A sentencing hearing was held on October 15, 1991, in which the State introduced the additional evidence in aggravation, including testimony regarding defendant's unsatisfactory conduct while on probation and his connection to a gang. It was stipulated that a codefendant in the case had received a sentence of five-years' imprisonment (presumably on the basis of a negotiated plea). The court sentenced defendant to a term of 26 years' imprisonment. After imposing the sentence, the court denied defendant's motion to reconsider his motion to withdraw his guilty plea. The notice of appeal was filed, and the court entered an order for the appointment of the State Appellate Defender to represent defendant.

On October 16, 1991, the day after the entry of the sentence, defendant's trial counsel brought a motion to reconsider the sentence and asked that it be filed *nunc pro tunc* before the notice of appeal. The court allowed this request and subsequently denied the motion to reconsider the sentence.

The direct appeal proceeded on the basis of the original notice of appeal. This court determined that the direct appeal should be dismissed because the filing of the motion to reconsider the sentence constituted an implicit motion to dismiss the notice of appeal. Because a new notice of appeal was not filed after the trial court denied the motion to reconsider, this court concluded that it did not have appellate jurisdiction to address the appeal on the merits. *People v. Thomas*, 250 Ill. App. 3d 1105 (1993) (unpublished order under Supreme Court Rule 23).

On April 7, 1994, defendant filed his *pro se* petition for postconviction relief under the Post-Conviction Hearing Act (ACT) (725 ILCS 5/122—1 *et seq.* (West 1994)). The petition was supported by affidavit and documents of record. Defendant alleged that he had been denied his constitutional right to appeal due to the ineffective assistance of counsel. He noted that, in the original appeal, he had argued that his trial counsel was ineffective for failing to file a certificate pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) and that the sentence was excessive in comparison to that of codefendant. In the petition, he argued, *inter alia*, that trial and appellate counsel were ineffective for failing to file either a new or a late notice of appeal to preserve his right to appeal. Defendant requested a "reinstatement" of his direct appeal. On November 9, 1995, defendant's appointed counsel also filed a motion to reconsider the sentence; the motion repeated some of the arguments in the petition.

On September 13, 1996, after having considered the parties' previous arguments regarding the procedural posture of the case and without holding an evidentiary hearing, the court entered an order finding that there were no complex factual questions to be decided and that it had no jurisdiction to "reinstate" defendant's appeal. The court also summarily denied his motion to reconsider the sentence and noted that the order was final and appealable. In effect, the court denied all postconviction relief. This timely appeal followed.

Although defendant again challenges the sentence on appeal, the State points out the procedural snarl which has again developed in this case. The State argues, as it did below, that the court lacked jurisdiction to reinstate the appeal and that the motion to reconsider the sentence was untimely. We believe that the real issue before this court is whether the trial court erred in effectively denying any post-

conviction relief to defendant based on the ineffective assistance of trial and appellate counsel. The trial court was aware of the glaring fact that defendant was entitled to a direct appeal but was wrongly denied this right through no fault of his own, but there was uncertainty as to what remedy should be provided.

■ A postconviction proceeding permits an imprisoned defendant to make a showing that there was a substantial denial of his constitutional rights which resulted in the judgment under attack. See *People v. Swanson*, 276 Ill. App. 3d 130, 132-33 (1995). Where a defendant loses his right to appeal because of the failure of his counsel to comply with the rules of appellate procedure, or because counsel has failed to file a timely notice of appeal, such errors will be cognizable in a postconviction proceeding. This is true even though the error did not arise in the proceeding that actually led to the conviction. *People v. Moore*, 133 Ill. 2d 331, 338-39 (1990); *People v. Scott*, 143 Ill. App. 3d 540, 541 (1986); *People v. Perez*, 115 Ill. App. 3d 446, 450-51 (1983).

●2 The right to appeal a criminal conviction is fundamental and is guaranteed by the Illinois Constitution. Ill. Const. 1970, art. VI, § 6; *Swanson*, 276 Ill. App. 3d at 132. When a defendant is deprived of his right to appeal by a court-appointed attorney who fails to file a notice of appeal, the proper remedy is to allow a late notice of appeal to be filed; the restraints limiting what is normally cognizable under the Act are not applicable in this situation. *Swanson*, 276 Ill. App. 3d at 132. Moreover, in such a case, the defendant need not show prejudice other than that his right to appeal was denied; prejudice is presumed. *Moore*, 133 Ill. 2d at 339; *Swanson*, 276 Ill. App. 3d at 132-33.

■ Defendant is entitled to a remedy because of the ineffective assistance of both trial and appellate counsel in failing to preserve his right to appeal. By not following Rule 604(d), trial counsel failed to preserve defendant's contentions of error. He also incorrectly attempted to file the motion to reconsider the sentence *nunc pro tunc*. Thereafter, neither trial counsel nor appellate counsel perfected the appeal by filing a new notice of appeal or by seeking to file a late notice of appeal. The failure of counsel to comply with Rule 604(d) is properly raised, as a matter of ineffective assistance of counsel, in a postconviction proceeding. See *People v. Wilk*, 124 Ill. 2d 93 (1988). The motions filed in the trial court, though procedurally defective, demonstrate that defendant wished to preserve his contentions of error for purposes of appeal. The prejudice to defendant in counsel's failure to perfect his appeal is manifest in the record. We note especially that, at each stage of the proceedings, defendant has raised

specific, substantive grounds for relief. See *People v. Wendt*, 283 Ill. App. 3d 947 (1996) (defendant who pleads guilty and alleges loss of appeal rights because counsel failed to file a motion to reconsider the sentence must specify what issue he would have raised had such motion been filed).

The State is correct in asserting that the trial court technically had no jurisdiction to "reinstate" the original appeal or entertain an untimely motion to reconsider. However, based on *Swanson, Scott*, and *Perez*, we believe that it is within the power of the circuit court to grant, in appropriate cases, postconviction relief by allowing a new hearing on a defendant's postjudgment motions or by allowing a defendant to file a late notice of appeal—provided the relief is deemed necessary because of a satisfactory showing that counsel was ineffective. See also *People v. Cole*, 287 Ill. App. 3d 147 (1997) (trial court erred in dismissing postconviction petition without an evidentiary hearing where defendant alleged his counsel assured him he would file a timely notice of appeal or a motion to vacate the plea).

Under current law, the remedy for the failure to comply strictly with Rule 604(d) is a summary remand in which the defendant will have an opportunity to file a new postjudgment motion and obtain a new hearing on the motion. *People v. Janes*, 158 Ill. 2d 27, 33 (1994); *People v. Oliver*, 276 Ill. App. 3d 929, 931 (1995). Upon remand, the trial court must require defense counsel to comply fully with Rule 604(d), including the filing of a certificate of compliance, before proceeding to hear the motion. *People v. Porter*, 258 Ill. App. 3d 200, 204-05 (1994).

The proper remedy here is to reverse the order of the circuit court which denied defendant's petition and to remand the cause for further proceedings to adjudicate defendant's claims *fully*. On remand, defendant must be allowed to file a motion to reduce his sentence or any other postjudgment motion that could have been filed within 30 days of the date of the original sentencing order. The court shall require defense counsel to comply fully with Rule 604(d) before proceeding to hear defendant's motion, and this compliance shall be shown in the record. Defendant shall also be allowed to appeal from an adverse ruling on any postjudgment motion that he files. *Swanson*, 276 Ill. App. 3d at 133.

The order of the circuit court of Winnebago County is reversed, and the cause is remanded with directions.

Reversed and remanded with directions.

INGLIS and BOWMAN, JJ., concur.