THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANCISCO MENA, Defendant-Appellant.

First District (1st Division)   No. 1—00—1649

Opinion filed March 29, 2002.

Michael J. Pelletier and Kathleen M. Flynn, both of State Appellate Defender's Office, of counsel), for appellant.

Richard A. Devine, State's Attorney, of·Chicago (Renee Goldfarb, James E. Fitzgerald, and Julie Line Bailey, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNULTY delivered the opinion of the court:

A jury found defendant, Francisco Mena, guilty of first degree murder. After sentencing, defendant's lawyer filed a notice of appeal. He filed no appellate brief and no record for appeal. When defendant discovered that this court had dismissed his appeal for want of prosecution, he filed a postconviction petition, claiming that counsel's ineffective assistance deprived him of his right to appeal. The trial court dismissed the petition as frivolous. Defendant appeals.

A year after the trial court dismissed the postconviction petition, defendant obtained new counsel who filed a motion to vacate this court's dismissal of the direct appeal from the conviction. Over the prosecution's objection, this court granted defendant's petition and reinstated the direct appeal. We decide that appeal in a separate opinion. Here we hold that by reinstating the direct appeal we have already given defendant all of the relief due him, even assuming the truth of all of the allegations in the postconviction petition. Because defendant can no longer show prejudice from his attorney's misconduct, we affirm dismissal of the postconviction petition.

At the trial, held in 1998, the prosecution presented evidence that defendant had bludgeoned Hector Saldana to death in 1996. Defendant's trial counsel filed a timely notice of appeal in April 1998. In August 1998 this court dismissed the appeal because defendant's attorney had filed no record and no brief.

The attorney filed a petition to vacate the dismissal the following month. In the petition the attorney stated that his "[l]aw [f]irm ha[d] not been retained by [defendant] or [his] family in order to prosecute this appeal," and that defendant "may hire counsel or *** request the

Appellate Defender's Office represent [him] in this matter." Although he remained defendant's sole attorney of record, he accepted no responsibility for filing the record or briefing the appeal. He asked this court to vacate the dismissal and allow defendant an extension of time so that defendant could obtain counsel to prosecute the appeal. By order dated October 8, 1998, we denied the motion to vacate the dismissal, but we specified that we denied it without prejudice to defendant's right to renew the motion once he obtained appellate counsel

The courts heard nothing further from defendant or his attorney for 17 months. Defendant then filed this postconviction petition *pro se*. In the petition he alleged that he asked his trial attorney to file the notice of appeal. He subsequently wrote his attorney several times asking about the status of the appeal. The attorney never responded to the letters. In December 1999 defendant wrote to the clerk of the court to find the status of his appeal. His sister contacted the State Appellate Defender (the Defender). In January 2000 the Defender informed defendant that this court dismissed his appeal, and the Defender could not take any immediate action because the record still listed defendant's trial attorney as his appellate attorney. The Defender asked the trial attorney to move for appointment of the Defender as appellate counsel.

■ The trial court gave no reason for the decision to dismiss the postconviction petition. On appeal defendant contends that he stated the gist of a constitutional claim. Because the trial court dismissed the petition without holding an evidentiary hearing, we review the dismissal *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 388-89, 701 N.E.2d 1063 (1998).

■ The prosecution argues that the decision to reinstate the direct appeal makes the matter moot. An issue becomes moot "if no actual controversy exists or where events occur which make it impossible for the court to grant effectual relief." *Wheatley v. Board of Education of Township High School District 205*, 99 Ill. 2d 481, 484-85, 459 N.E.2d 1364 (1984). In *Wheatley* the plaintiffs brought a *mandamus* action, seeking an order directing the defendant school board to rescind the dismissals of plaintiffs from teaching positions. The plaintiffs also prayed for a judgment declaring that the defendant needed to hold public hearings before dismissing each plaintiff. Before trial all the named plaintiffs accepted teaching positions with the defendant. Our supreme court found the case moot because the plaintiffs received the relief they sought; the declaratory judgment would have no effect on any of the named plaintiffs. Because the court could not grant any effective relief, it dismissed the case as moot.

Here, defendant sought appointment of counsel and leave to amend the postconviction petition to state unspecified additional claims, along with the reinstatement of his direct appeal. The trial court did not allow defendant to amend his petition. The claims in an amended petition do not face the limits of claims raised on a direct appeal, as defendant may raise issues outside the trial record in a postconviction petition, but not on a direct appeal. See *People v. Marquez*, 324 Ill. App. 3d 711, 716, 756 N.E.2d 345 (2001). Thus, defendant has not received all the relief he sought. This court has authority to order the trial court to appoint postconviction counsel for defendant and grant him leave to amend the petition (725 ILCS 5/122—2.1 (West 2000); see *People v. Hernandez*, 283 Ill. App. 3d 312, 318, 669 N.E.2d 1326 (1996)), and that relief remains separate from the reinstatement of his appeal. The prosecution actively disputes defendant's right to such relief. The case presents an actual controversy concerning defendant's right to postconviction counsel and his right to amend his postconviction petition, and therefore it is not moot.

■ Defendant argues that his postconviction petition stated the gist of a claim for violation of his constitutional right to the effective assistance of counsel for his appeal. The standards for determining whether a defendant has had effective assistance of trial counsel also apply for determining whether a defendant has had effective assistance of appellate counsel. *People v. West*, 187 Ill. 2d 418, 435, 719 N.E.2d 664 (1999). At this stage, defendant must state the gist of a claim that (1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficiencies in counsel's performance resulted in prejudice to defendant. *People v. Foster*, 168 Ill. 2d 465, 475, 660 N.E.2d 951 (1995).

■ The first prong presents no difficulty. Counsel's failure to perfect the appeal falls below an objective standard of reasonableness. *People v. Moore*, 133 Ill. 2d 331, 339, 549 N.E.2d 1257 (1990); *People v. Thomas*, 292 Ill. App. 3d 891, 894, 686 N.E.2d 1196 (1997). Appellate counsel of record, after filing the notice of appeal, failed to file the trial record and failed to file an appellate brief. Both steps form necessary parts of the process of perfecting an appeal. See 155 Ill. 2d Rs. 326, 343.

At a more fundamental level, according to the allegations of the postconviction petition, counsel failed to respond to his client's letters, and he failed to effectively inform defendant of the steps defendant needed to take to complete the appeal. At this stage of proceedings, we must accept as true all assertions of fact in defendant's postconviction petition and his supporting affidavit, unless the trial record proves the assertions false. *Coleman*, 183 Ill. 2d at 380-82.

Rule 1.4 of the Rules of Professional Conduct requires every attorney to "keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." 134 Ill. 2d R. 1.4(a). The rule further provides that the attorney must "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." 134 Ill. 2d R. 1.4(b). Counsel did not promptly respond to reasonable requests for information, did not keep defendant informed of the status of his case, and did not explain the steps needed for appeal well enough to permit defendant to make informed decisions about his representation. Defendant apparently had no idea that no attorney would brief or argue his appeal. The attorney failed to impress upon defendant the significance of the failure to pay the attorney a separate retainer for the appeal.

We hold that when an attorney violates the Rules of Professional Conduct, the attorney's actions are objectively unreasonable. The allegations of the postconviction petition, viewed in light of the record, amply state the gist of a claim that counsel's performance fell below an objective standard of reasonableness.

Because of counsel's failure to inform defendant of the steps needed to obtain effective appellate representation, and the failure to perfect the appeal, this court dismissed defendant's appeal without reviewing the case on the merits. The dismissal of the appeal constitutes prejudice. As the court held in *Moore*, 133 Ill. 2d at 339, "no showing of prejudice is required where counsel failed to perfect defendant's appeal. Prejudice is presumed." Defendant need not show any likelihood of success on appeal. *Moore*, 133 Ill. 2d at 339.

But the court in *Moore* explained that when counsel's errors forfeit a defendant's right to appeal, "[t]his court has, depending upon the facts of each case, specified either a motion in the appellate court to reinstate the appeal or a postconviction attack in the circuit court as an appropriate remedy for loss of the right to appeal." *Moore*, 133 Ill. 2d at 338. The court also provided guidance for deciding which form the relief should take:

"[W]here a defendant, as here, has once properly invoked appellate jurisdiction, only to have his appeal dismissed, through no fault of his own, for appellate counsel's failure to comply with appellate rules, this court has opted for reinstatement of the appeal by motion in the appellate court in instances where defendant has taken reasonable steps to preserve his right to appeal, and where there are no complex factual questions to be determined by the trial court." *Moore*, 133 Ill. 2d at 339-40.

Defendant points to no complex factual questions needing trial court determination here.

As support for the postconviction petition, defendant cited *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). The defendant in *Castellanos* filed a postconviction petition after his attorney refused to file an appeal the defendant requested. The trial court held that the defendant suffered no prejudice because he would not have obtained relief if the attorney had appealed. The court of appeals reversed, holding:

> "A defendant is entitled on direct appeal to legal aid in demonstrating that the district judge committed an error, and he need not make a preliminary showing of 'prejudice' tantamount to presenting the appeal without legal assistance." *Castellanos*, 26 F.3d at 720.

The court concluded that, if the defendant could show that he timely told his lawyer to appeal:

> "[T]hen the court should enter an order providing the appropriate relief for the ineffective assistance: the defendant receives the right to an appellate proceeding, as if on direct appeal, with the assistance of counsel." *Castellanos*, 26 F.3d at 720.

By reinstating defendant's direct appeal, this court has already provided defendant all the relief needed to remedy his counsel's failure to perfect his appeal. The Defender represented defendant for the direct appeal.

We note that at the time the trial court denied the postconviction petition, this court had not reinstated the direct appeal. Defendant had not even moved for reinstatement. Thus, when the trial court ruled on the postconviction petition, defense counsel's alleged misconduct had caused dismissal of the direct appeal and that dismissal qualified as prejudice without any further showing from defendant. The trial court erred when it dismissed the postconviction petition. Nonetheless, because the direct appeal is the appropriate remedy for the alleged misconduct, we find that the allegations of the postconviction petition warrant no separate relief.

This case is not moot because the parties actively dispute defendant's right to the appointment of counsel to assist with the postconviction petition and the right to amend the petition to state additional claims. The postconviction petition stated the gist of a claim that defense counsel failed to provide effective assistance because counsel failed to file the record or a brief on appeal and he did not effectively inform defendant of the steps defendant needed to take to perfect the appeal. The deficient performance led to dismissal of the appeal, but when we reinstated the direct appeal, we eliminated the prejudice from the alleged misconduct. Because defendant raised no matters in his postconviction petition which would warrant relief

18

other than the direct appeal, we find no present claim sufficient to withstand dismissal at the first stage of postconviction proceedings. Accordingly, we affirm dismissal of the postconviction petition.

Affirmed.

COHEN, P.J., and COUSINS, J., concur.