FIRST DIVISION
September 10, 2007

No. 1-05-3633

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| ARMANDO GUTIERREZ, | ) | Honorable |
| | ) | Lon W. Shultz, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE WOLFSON delivered the opinion of the court:

This case places us in a procedural quandary.

On July 17, 2002, following a jury trial, Armando Gutierrez was convicted of first degree murder and attempt first degree murder. On August 21, 2002, he was sentenced to 40 years in prison for the murder and 20 years for the attempt, the sentences to be served consecutively.

In this appeal, the defendant contends: (1) his first degree murder conviction should be reduced to second degree murder; and (2) the 60-year sentence imposed by the trial court is excessive.

When the defendant was sentenced his retained lawyer withdrew from the case and the State Appellate Defender was appointed to pursue the appeal. No timely notice of appeal was filed. On June 23, 2005, the defendant filed a Post-Conviction Petition, alleging his appointed counsel was ineffective because of the failure to file a timely notice of appeal. On November 2,

1-05-3633

2005, the trial court, with the agreement of the State, granted the petition and entered an order requiring the filing of the late notice of the appeal. It was filed more than three years after the defendant was sentenced.

We asked the parties to brief the issue of whether we have jurisdiction to decide this appeal. They did so. We now hold we are without jurisdiction.

We recognize the failure to file a timely notice of appeal was not due to the defendant's neglect. In addition, the record shows defendant filed a late notice of appeal on April 1, 2003, then later moved to dismiss his appeal. We dismissed it. People v. Gutierrez, No. 1-03-3035 (2004) (dispositional order). Defendant's next attempt to file a late notice of appeal was unsuccessful. People v. Gutierrez, No. 1-04-1797 (2004) (dispositional order). The November 2, 2005, late notice of appeal, ordered filed by the trial court, is the defendant's third attempt to obtain appellate review.

Supreme Court Rule 606(b) provides that a defendant seeking to appeal a judgment or order entered by the trial court must file a notice of appeal within 30 days after the entry of the final judgment or order. Official Reports Advance Sheet No. 17 (August 16, 2006), R. 606(b), eff. September 1, 2006. Under some circumstances the defendant may receive an extension of time to file his notice of appeal. Rule 606(c) provides:

2

1-05-3633

"On motion supported by a showing of reasonable excuse for failing to file a notice of appeal on time filed in the reviewing court within 30 days of the expiration of the time for filing the notice of appeal, or on motion supported by a showing by affidavit that there is merit to the appeal and that the failure to file a notice of appeal on time was not due to appellant's culpable negligence, filed in the reviewing court within six months of the expiration of the time for filing the notice of appeal, in either case accompanied by the proposed notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing."  Official Reports Advance Sheet No. 17 (August 16, 2006), R. 606(c), eff. September 1, 2006.

We recognize there is a line of cases that holds Rule 606(b) may be ignored when a timely notice of appeal is not filed by appointed counsel.  These cases hold the failure to file is ineffective assistance of counsel, violating the Sixth Amendment to the United States Constitution because it deprives a defendant

1-05-3633

of his right to appeal. See People v. Thomas, 292 Ill. App. 3d 891, 686 N.E.2d 1196 (1997); People v. Swanson, 276 Ill. App. 3d 130, 657 N.E.2d 1169 (1995); People v. Scott, 143 Ill. App. 3d 540, 493 N.E.2d 27 (1986); and People v. Perez, 115 Ill. App. 3d 446, 450 N.E.2d 870 (1983). Refusing to adhere to that line is People v. Golden, 369 Ill. App. 3d 639, 860 N.E.2d 1119 (2006), appeal allowed, 224 Ill. 2d 582, 871 N.E.2d 58 (2007).

No one can reasonably deny the notice of appeal ordered by the trial court was outside the authority of Rule 606(b). The question in this case is whether the trial and appellate courts are free to bypass the rule when appointed counsel does not file a timely notice of appeal. The supreme court supplied the answer in People v. Lyles, 217 Ill. 2d 210, 216, 840 N.E.2d 1187 (2005):

> "[T]he appellate and circuit courts of this state must enforce and abide by the rules of this court. The appellate court's power 'attaches only upon compliance with the rules governing appeals.' People v. Flowers, 208 Ill. 2d 291, 308, 280 Ill. Dec. 653, 802 N.E.2d 1174 (2003). '[N]either the trial court nor the appellate court has the "authority to excuse compliance with the filing requirements of the supreme court rules governing appeals." ' Mitchell v.

4

1-05-3633

> _Fiat-Allis, Inc._, 158 Ill. 2d 143, 150, 198
> Ill. Dec. 399, 632 N.E.2d 1010 (1994),
> quoting _In re Smith_, 80 Ill. App. 3d 380,
> 382, 35 Ill. Dec. 635, 399 N.E.2d 701
> (1980)."  (Emphasis in original.)

We take the answer to our question to be an emphatic no.  We must "enforce the rules as written."  _Lyles_, 217 Ill. 2d at 220. It is for the supreme court, in the exercise of its supervisory power, a "broad and unusual power,"  _Lyles_, 217 Ill. 2d at 217, to determine whether its appellate rules will apply in a particular case.

For these reasons, we conclude the trial court had no jurisdiction to order the filing of the late notice of appeal. Nor do we have jurisdiction to decide the issues raised by the defendant.

Appeal dismissed.

HOFFMAN, and HALL, JJ., concur.