2022 IL App (1st) 210916-U

FIRST DISTRICT,
FIRST DIVISION
December 27, 2022

No. 1-21-0916

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) | No. 00 CR 27953 |
| ARMANDO GUTIERREZ, | ) ) ) | Honorable |
| Defendant-Appellant. | ) ) ) | Thomas Joseph Hennelly, Judge Presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Lavin and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1     *Held*: Circuit court's denial of defendant's motion for leave to file successive postconviction petition affirmed. Defendant failed to establish cause and prejudice for his claim that his 60-year sentence for an offense he committed at the age of 24 violates the proportionate penalties clause of the Illinois Constitution.

¶ 2     Following a jury trial, defendant Armando Gutierrez was convicted of first degree murder and attempt first degree murder. Defendant was sentenced to consecutive terms of 40 years' imprisonment for first degree murder and 20 years' imprisonment for attempt first degree murder. We affirmed his convictions and sentences on direct appeal. *People v. Gutierrez*, 387 Ill. App. 3d 1, 7 (2008). We also affirmed the second-stage dismissal of defendant's initial

postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2008)). *People v. Gutierrez*, 2013 IL App (1st) 111309-U. Defendant filed a motion for leave to file a successive postconviction petition, which was denied by the circuit court, and affirmed on appeal. *People v. Gutierrez*, 2016 IL App (1st) 141802-U (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 3        Defendant sought leave to file a second successive postconviction petition, arguing that because he was 24 years old at the time of the offense, his 60-year sentence is an unconstitutional *de facto* life sentence under *Miller v. Alabama*, 567 U.S. 460 (2012), the eighth amendment to the United States Constitution, and the proportionate penalties clause of the Illinois Constitution. The circuit court denied leave to file. On appeal, defendant only challenges the denial of leave to file his as-applied proportionate penalties claim. For the following reasons, we affirm.

¶ 4                                    BACKGROUND

¶ 5        Defendant was convicted of first degree murder of Jorge Castaneda and attempt first degree murder of Jorge's brother, Nester Castaneda. We set out the facts of defendant's offense in detail in our opinion disposing of his direct appeal and order affirming the dismissal of his initial postconviction petition. See *Gutierrez*, 387 Ill. App. 3d at 2-4; *Gutierrez*, 2013 IL App (1st) 111309-U, ¶¶ 4-14. Since most of those facts are unnecessary for an understanding of the issues raised in this appeal, we summarize them briefly.

¶ 6        Defendant was close friends with Jorge and Nester. On October 25, 2000, defendant was working on his truck in the backyard of the Castanedas' home with Jorge, Jorge and Nester's cousin, Antonio Castaneda, and two men known as "Goofy" and "Trigger." Around 9:30 p.m., rival gang members drove through a nearby alley, shouting at them. Defendant retrieved a gun from a safe in Nester's room and placed it on his truck. Defendant smoked a "rolled cigarette"

with Goofy and Trigger and then wanted to leave. His friends tried to stop him from driving because he was stumbling, mumbling to himself, and was recently in a car accident. Defendant got angry, grabbed the gun, and started yelling and shooting. Defendant shot Jorge seven times, killing him. He ran into the basement and shot Nester in the chest, stomach, and groin.

¶ 7 Defendant testified that Antonio told Jorge that defendant was "trying to hook up with [Jorge's] little sister." Jorge became furious and hit defendant in the forehead with the gun. Defendant wrestled the gun from Jorge. When Jorge grabbed a "piece of steel," defendant shot him and ran into the basement. Nester "came at him, and [defendant] just shot at him." The jury found defendant guilty of first degree murder of Jorge and attempt first degree murder of Nester.[1]

¶ 8 The presentence investigation report (PSI) reflected that defendant was 24 years old at the time of the shooting. In 1997, defendant was convicted of aggravated battery and possession of a firearm at a school/public housing. He was sentenced to consecutive terms of 2 years' imprisonment for each offense. In 2000, he was convicted of aggravated battery of a peace officer and received 40 days of community service and one year conditional discharge, which was "terminated unsatisfactorily." Defendant reported that he had a "good childhood" and "never suffered any abuse or neglect." Defendant graduated from high school and did not have any learning disabilities or mental health issues. Defendant reported smoking marijuana since the age of 14, drinking alcohol and smoking PCP since the age of 15, and smoking PCP on a "daily basis." He was a member of the Insane Disciples, but "quit the gang after he was incarcerated."

---

[1] Defendant was also convicted of aggravated battery with a firearm of Nester, which the trial court merged with his conviction for attempt murder.

¶ 9        In aggravation, the State presented the victim impact statement of Jorge and Nester's mother. In mitigation, defense counsel introduced certificates defendant earned while incarcerated to show that he "has taken steps to improve his life." Counsel argued that defendant showed remorse, found religion, "absented himself from gang activity," and is not "capable of any sort of violence in the future."

¶ 10       In imposing sentence, the trial court considered the facts of the case, the PSI, and the statutory factors in aggravation and mitigation. Specifically, the court considered defendant's "criminal history and what that shows in terms of whether [he's] likely to commit additional crimes ***, [his] potential danger to the community, punishment, [and his] potential for rehabilitation ***." The trial court noted that defendant committed a "motiveless crime" where he killed and seriously injured two people who he "considered for all intensive purposes family to [him]." Defendant had a "significant" criminal history, showing his "inability *** to control [himself] in a non-violent way."

¶ 11       The trial court also considered the "good things" in defendant's PSI, including that he graduated from high school, was gainfully employed, and had two children. Weighing these factors, the court found that defendant "need[ed] to be confined for a certain period of time *** to protect the public, as well as to punish [him] for [his] actions." The trial court sentenced defendant to consecutive terms of 40 years' imprisonment for first degree murder and 20 years for first degree murder.

¶ 12       Following sentencing, the trial court appointed the Office of the State Appellate Defender to prepare defendant's appeal, but no timely notice of appeal was filed. On June 23, 2005, defendant filed a petition for postconviction relief, alleging that appointed counsel was

ineffective for failing to file a timely notice of appeal. On November 2, 2005, the circuit court granted defendant's petition and gave him leave to file a late notice of appeal, *instanter*.

¶ 13 Initially, this court held that we lacked jurisdiction to hear defendant's appeal. *People v. Gutierrez*, 376 Ill. App. 3d 182, 184 (2007). Our supreme court directed us to vacate our opinion and reconsider our holding in light of *People v. Ross*, 229 Ill. 2d 225 (2008). On reconsideration, we found that we had jurisdiction to consider defendant's appeal. *Gutierrez*, 387 Ill. App. 3d at 2. We held that the evidence was sufficient to support defendant's convictions and that the trial court did not abuse its discretion in sentencing defendant, considering his "significant criminal history and his use of a firearm in an unprovoked attack on trusting friends." *Id.* at 7.

¶ 14 On August 25, 2009, defendant filed a *pro se* motion for leave to file a successive postconviction petition. In November 2009, counsel on behalf of defendant filed an amended petition for postconviction relief. The circuit court "docketed [defendant's successive postconviction petition] as if it were a first time petition" because defendant's petition filed in 2005 merely secured his right to a direct appeal. The amended petition asserted, *inter alia*, that defendant's trial counsel was ineffective for failing to investigate and present a voluntary intoxication defense. Defendant filed a *pro se* supplemental petition, raising additional claims.

¶ 15 The State moved to dismiss both petitions. On April 13, 2011, the circuit court granted the State's motion, finding that defendant "failed to make a substantial showing that his constitutional rights were violated." We affirmed. *Gutierrez*, 2013 IL App (1st) 111309-U.

¶ 16 On March 24, 2014, defendant filed a *pro se* "Petition for Relief from a Void Judgment" under 735 ILCS 5/2-1401(f) (West 2014), challenging the trial court's imposition of consecutive sentences. The circuit court dismissed the petition.

¶ 17    On June 24, 2014, defendant filed a motion for leave to file a successive postconviction petition.[2] Defendant argued, *inter alia*, that his statement to detectives was coerced, the State used perjured testimony, and trial counsel was ineffective for failing to present a voluntary intoxication defense in light of newly obtained evidence supporting the defense. On November 6, 2014, the circuit court denied defendant leave to file, finding that he failed to establish cause and prejudice.

¶ 18    Defendant's appeals from the dismissal of his petition for relief from judgment and denial of leave to file a successive postconviction petition were consolidated. On March 23, 2016, this court granted the Office of the State Appellate Defender's motion for leave to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and affirmed both judgments. *Gutierrez*, 2016 IL App (1st) 141802-U, ¶¶ 2-3 (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 19    On May 28, 2020, defendant sought leave to file a second successive postconviction petition. He alleged that his sentence is an unconstitutional *de facto* life sentence under the eighth amendment to the United States Constitution, *Miller v. Alabama*, 567 U.S. 460 (2012), and the "Rehabilitation Clause" of the Illinois Constitution because the sentencing court failed to consider his youth and its attendant characteristics.[3] In support of his petition, defendant attached: Dr. James Garbarino's report entitled "Scientific Rationale to Extend the Graham/Roper/Miller protections upward from age 18 to 25," discussing brain development of young adults, including defendant specifically; testimony of Dr. Lawrence Steinberg in *Cruz v.*

---

[2] Defendant's petition is titled "Motion for Leave to File Second-Successive Petition for Post-Conviction Relief." However, because the circuit court docketed his previous petition as his initial postconviction petition, this is actually defendant's first successive postconviction petition.

[3] Defendant also challenged two 1996 convictions for unlawful use of a weapon, but he withdrew this claim in his amended petition.

*Unites States*, Case No. 3:11-cv-00787 (D. Conn.), discussing brain development of young adults; and various certificates defendant received while incarcerated.

¶ 20        On April 21, 2021, defendant filed a motion for leave to file an amended successive postconviction petition, raising an as-applied challenge to his sentence under the proportionate penalties clause of the Illinois Constitution. Defendant argued that our supreme court has "opened the door for a young-adult offender to demonstrate, through an adequate factual record, that his own specific characteristics were so like those of a juvenile that imposition of a life sentence absent the safeguards established in *Miller*" shocks the moral sense of the community. Specifically, defendant alleged that he "suffered difficulties functioning at a normal grade level," had a dysfunctional and abusive home life, and abused substances since the age of 12. On June 25, 2021, the circuit court denied defendant leave to file.[4]

¶ 21                                  ANALYSIS

¶ 22        On appeal, defendant argues that he has made a *prima facie* showing of cause and prejudice for his as-applied claim under the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. 1, § 11). Specifically, defendant asserts that "his *de facto* life sentence of 60 years' imprisonment violates the Proportionate Penalties Clause as applied to his case, where [he] was 24 years old at the time of the offense and has presented new evidence concerning his background and community standards around sentencing young adults."

¶ 23        The Act provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated at trial or sentencing. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). The Act contemplates the filing of only one postconviction petition without leave of

---

[4] While the circuit court erroneously applied the first-stage "frivolous and patently without merit" standard as opposed to the cause-and-prejudice test, we may affirm on any basis in the record, regardless of the lower court's reasoning. *People v. Anderson*, 401 Ill. App. 3d 134, 138 (2010).

court. *People v. Bailey*, 2017 IL 121450, ¶ 35; 725 ILCS 5/122-1(f) (West 2020). While successive postconviction petitions are "highly disfavored" (*Bailey*, 2017 IL 121450, ¶ 39), leave of court may be granted if a defendant establishes both "cause" and "prejudice." (725 ILCS 5/122-1(f)). "Cause" is "an objective factor that impeded [the defendant's] *** ability to raise a specific claim" during his initial postconviction proceedings. 725 ILCS 5/122-1(f). "Prejudice" is established by showing that the claim not raised "so infected the trial that the resulting conviction or sentence violated due process." *Id.* A defendant must make a *prima facie* showing of cause and prejudice. *Bailey*, 2017 IL 121450, ¶ 24.

¶ 24 "[L]eave of court to file a successive postconviction petition should be denied when it is clear, from a review of the successive petition and the documentation ***, that the claims alleged by the [defendant] fail as a matter of law ***." *People v. Smith*, 2014 IL 115946, ¶ 35. We review the denial of defendant's motion for leave to file a successive postconviction petition *de novo*. *Bailey*, 2017 IL 121450, ¶ 13.

¶ 25 In *People v. Dorsey*, 2021 IL 123010, ¶ 74, our supreme court held that the unavailability of *Miller* and its progeny does not provide defendants with cause for challenging their sentences under the proportionate penalties clause because "Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing." The unavailability of *Miller* "at best deprived defendant 'of some helpful support' for his state constitutional law claim, which is insufficient to establish 'cause.' " *Id.* Under *Dorsey*, defendant has failed to establish cause for failing to bring his proportionate penalties claim in his initial postconviction petition. See *People v. Peacock*, 2022 IL App (1st) 170308-B, ¶ 20 ("Following *Dorsey*, reviewing courts have repeatedly concluded that *Miller* and its progeny

do not provide petitioners seeking leave to file successive petitions with the requisite cause for challenging their sentences on proportionate penalties grounds.").

¶ 26        Defendant has also failed to establish prejudice, as his proportionate penalties claim is not legally cognizable. Although defendant has abandoned his argument that *Miller* applies to him directly, his proportionate penalties claim relies on the principles espoused in *Miller*. In *Miller*, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' "*Miller*, 567 U.S. at 465. The sentencing court must "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 480. Our supreme court has since extended *Miller* to juveniles sentenced to discretionary sentences (*People v. Holman*, 2017 IL 120655, ¶ 40) and *de facto* life sentences (sentences over 40 years' imprisonment) (*People v. Buffer*, 2019 IL 122327, ¶ 41). Here, defendant asserts that he should be allowed to file a successive postconviction petition "to develop a factual record in support of his as-applied claim that his brain development at age 24 and his *de facto* life sentence imposed without regard to the *Miller* factors" violates the proportionate penalties clause of the Illinois Constitution.

¶ 27        The proportionate penalties clause provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. 1, § 11. To succeed on a proportionate penalties claim, a defendant must show that the punishment for the offense is "cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community." *People v. Miller*, 202 Ill. 2d 328, 338 (2002). To comply with this constitutional mandate, the court must balance the goals of retribution and rehabilitation. *People v. Quintana*, 332 Ill. App. 3d 96, 109 (2002).

¶ 28 Our supreme court has acknowledged that, under certain circumstances, a young adult offender may raise an as-applied challenge to a life sentence under the proportionate penalties clause in a postconviction petition, relying on the evolving science and societal standards underlying *Miller*. See *People v. Harris*, 2018 IL 121932, ¶ 48; see also *People v. Thompson*, 2015 IL 118151, ¶ 44. In those cases, it may be appropriate to remand the cause to the circuit court for further factual development. See *People v. House*, 2021 IL 125124, ¶ 32.

¶ 29 However, consistent with "society's current general recognition that 21 is considered the beginning of adulthood," Illinois courts have refused to extend this line of cases to defendants who were 21 or older at the time of the offense. *People v. Humphrey*, 2020 IL App (1st) 172837, ¶¶ 33-34 (rejecting 21-year-old defendant's *Miller*-based proportionate penalties claim); *People v. Green*, 2022 IL App (1st) 200749, ¶ 42 (21-year-old defendant failed to establish prejudice for proportionate penalties claim, noting that "the line of adulthood has been drawn at age 21"); *People v. Robinson*, 2021 IL App (1st) 192289, ¶ 48 (rejecting 24-year-old's *Miller*-based proportionate penalties claim); *People v. Rivera*, 2020 IL App (1st) 171430, ¶ 26-27 (same); but see *People v. Savage*, 2020 IL App (1st) 173135, ¶¶ 53, 70-71 (22-year-old defendant made a showing of a "gist" of proportionate penalties claim where he was addicted to drugs since the age of nine). Defendant, who was 24 years old at the time of the crime, was "well past *** the 18-to-21-year-old group of defendants who have asserted as-applied *Miller*-based claims under the proportionate penalties clause." *Robinson*, 2021 IL App (1st) 192289, ¶ 48.

¶ 30 Defendant relies on several cases to support his argument that he established prejudice for his "emerging-adult sentencing claim." However, all but one (*Savage*, 2020 IL App (1st) 173135) of these decisions involved defendants under the age of 21. See, *e.g.*, *People v. Daniels*, 2020 IL App (1st) 171738, ¶ 1 (18-year-old defendant); *People v. Horshaw*, 2021 IL App (1st)

182047, ¶ 1 (18-year-old defendant); *People v. Glinsey*, 2021 IL App (1st) 191145, ¶ 2 (18-year-old defendant); *People v. Ross*, 2020 IL App (1st) 171202, ¶ 3 (19-year-old defendant).

¶ 31    *Savage*, 2020 IL App (1st) 173135, is likewise inapposite. There, the court held that defendant's proportionate penalties claim was not frivolous or patently without merit. *Id.* ¶ 76. Although he was seven months past his 21st birthday at the time of the crime, the record showed that he was addicted to drugs since the age of nine, used drugs daily, and had mental health issues. ¶¶ 70-72. The cause-and-prejudice test is a "higher standard than the first-stage frivolous or patently without merit standard." *Smith*, 2014 IL 115946, ¶ 35. And cases decided after *Savage* have declined to extend as-applied *Miller*-based claims under the proportionate penalties clause to defendants over the age of 21. See, *e.g.*, *People v. Kruger*, 2021 IL App (4th) 190687, ¶¶ 31-32; *People v. Williams*, 2021 IL App (1st) 190535, ¶¶ 34-36. Defendant fails to cite any authority extending *Miller* protections to an offender who, like himself, was 24 years old at the time of the offense.

¶ 32    Defendant's 60-year discretionary sentence for a senseless murder and attempt murder, which he committed well past the age of legal adulthood, does not "shock the moral sense of the community." See *People v. Carrion*, 2020 IL App (1st) 170001, ¶ 30 (19-year-old defendant's 55-year sentence for "a senseless murder, which he committed as the principal at the legal age of adulthood, does not shock the moral sense of the community"). The trial court imposed discretionary sentences within the statutory ranges of 20 to 60 years' imprisonment for first degree murder and 6 to 30 years for attempt murder. 730 ILCS 5/5-8-1(a)(1)(a) (West 2002); 730 ILCS 5/5-8-1(a)(3) (West 2002). Carefully weighing defendant's criminal history and the nature and circumstances of the offense, the trial court found that the need to protect the public from defendant's inability "to control [himself] in a non-violent way" outweighed his rehabilitative

potential. Considering defendant's "significant criminal history and his use of a firearm in an essentially unprovoked attack on trusting friends" (*Gutierrez*, 387 Ill. App. 3d at 7), we cannot say that his sentence shocks the moral sense of the community.

¶ 33     Because defendant has failed to establish cause and prejudice, the circuit court properly denied him leave to file a second successive postconviction petition.

¶ 34                                    CONCLUSION

¶ 35     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 36     Affirmed.