THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BILLIE GENE HIGHTOWER, Defendant-Appellant.

Fifth District   No. 5—90—0750

Opinion filed August 20, 1992.

William A. Schroeder, of Southern Illinois University, of Carbondale, and Brocton Lockwood, of Marion, for appellant.

Charles Garnati, State's Attorney, of Marion (Norbert J. Goetten and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE H. LEWIS delivered the opinion of the court:

Defendant, Billie Gene Hightower, was found guilty of the murder of his wife and was sentenced to 25 years' imprisonment. The relevant facts can be summarized as follows. The defendant's wife, Cathy Hightower, who was the victim, had carried on a rather public adulterous relationship with a former lover while she was married to the defendant. The defendant would give Cathy Hightower money to buy household items, and she would, in turn, spend defendant's money for, among other things, entertaining her lover. The Hightowers' relationship was fraught with many problems, and they were separated from one another on numerous occasions. The final attempt at reconciliation between the Hightowers occurred when they returned to their home in defendant's van, after an afternoon of heavy drinking, to get the keys to Cathy Hightower's car. After defendant returned the keys to Cathy Hightower, she said something to him which caused defendant to return to the house, retrieve a gun from his cabinet and shoot her. She died as a result. This court affirmed defendant's conviction on direct appeal. *People v. Hightower* (1988), 172 Ill. App. 3d 678, 526 N.E.2d 1129.

Pursuant to the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1991, ch. 38, par. 122—1 *et seq.*), the defendant filed *pro se* a petition seeking post-conviction relief on December 4, 1989. In that petition he claimed he had been deprived of the effective assistance of counsel on his direct appeal because his appellate counsel, who was also trial counsel, failed to raise, *inter alia*, the following issue in that appeal which had been raised at trial: that the trial court erred when it refused a voluntary manslaughter instruction tendered by defense counsel. On December 22, 1989, the defendant filed an amendment to

his post-conviction petition. Thereafter, the circuit court ordered Larry Broeking to represent the defendant. Defense counsel then filed an amended petition for post-conviction relief.

At the conclusion of the post-conviction hearing, the circuit court took the matter under advisement. On November 13, 1990, the circuit court entered an order finding that appellate counsel was ineffective for failing to raise the issue concerning the voluntary manslaughter instruction on direct appeal. However, the circuit court never determined whether the trial court erred in refusing the voluntary manslaughter instruction. The circuit court "granted" the post-conviction petition and ordered that post-conviction counsel file a notice of direct appeal. Thereafter, defense counsel prepared and filed a notice of appeal on November 13, 1990, which purports to be a notice of direct appeal from defendant's original conviction.

On July 11, 1991, this court ordered, *inter alia*, the following: (1) that the defendant's motion for extension of time to file late notice of appeal from the circuit court's November 13, 1990, order and the post-conviction proceeding be granted; (2) that defendant's November 13, 1990, notice of appeal be stricken; and (3) that this appeal be based only upon the filing of the late notice of appeal from the circuit court's November 13, 1990, order and the post-conviction proceedings. Thereafter, on July 12, 1991, the defendant filed his late notice of appeal from the circuit court's November 13, 1990, order in the post-conviction proceeding. Hence, it is the appeal from the order of November 13, 1990, that is now before this court.

The circuit court's "order ruling on post-conviction petition" is ambiguous. Although it purports to grant defendant's petition for post-conviction relief, the circuit court ordered that post-conviction counsel file *instanter* a notice of appeal to this court. While embracing the trial court's underlying finding of ineffective assistance of appellate counsel, the defendant asks this court to substitute an order granting him a new trial.

■■ ■ Initially, it should be noted that the grant of a new appeal predicated on ineffective assistance of appellate counsel is not the appropriate remedy. According to section 122—6 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1991, ch. 38, par. 122—6):

> "[I]f the court finds in favor of the petitioner, it shall enter an appropriate order with respect to the judgment or sentence in the former proceedings and such supplementary orders as to rearraignment, retrial, custody, bail or discharge as may be necessary or proper."

Hence, no authority exists within section 122—6 of the Act for the circuit court to order a new appeal. (*People v. Ferro* (1990), 195 Ill. App. 3d 282, 287, 551 N.E.2d 1378, 1382.) Thus, even if the post-conviction hearing judge correctly found that defendant's counsel for his direct appeal was incompetent because of his failure to raise the issue of the voluntary manslaughter instruction, the ordering of the new appeal was inappropriate. (*Ferro*, 195 Ill. App. 3d at 287, 551 N.E.2d at 1382.) Furthermore, the trial court had no authority to allow the defendant to file a second notice of direct appeal. Extension of time to file leave for appeal is a function solely of the reviewing court (Supreme Court Rule 606(c); 134 Ill. 2d R. 606(c)); therefore, for the trial court to grant such an extension would be contrary to the supreme court rules and section 6 of article 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, §6).

In *Ferro* (195 Ill. App. 3d at 287, 551 N.E.2d at 1382), the court noted that the Post-Conviction Hearing Act is the proper vehicle for review of an issue when meaningful review on direct appeal has arguably been unconstitutionally denied because of deprivation of the right to competent counsel on appeal. (Accord *People v. Frank* (1971), 48 Ill. 2d 500, 504, 272 N.E.2d 25, 27; *People v. Pecka* (1989), 183 Ill. App. 3d 60, 68, 538 N.E.2d 1189, 1195.) In *Ferro* (195 Ill. App. 3d at 287, 551 N.E.2d at 1382), the circuit court granted defendant a new appeal because of appellate counsel's incompetency for failure to raise the issue of jury coercion in defendant's direct appeal. On appeal, the *Ferro* court reversed and determined that the post-conviction hearing judge was without authority to order a new appeal under the statutory authority conferred in section 122—6 of the Act.

We are aware that the court in *People v. Perez* (1983), 115 Ill. App. 3d 446, 451, 450 N.E.2d 870, 874, allowed the trial court to grant a late notice of appeal. In that case, the public defender failed to act on the appeal, and the court held that the total lack of assistance provided to the defendant amounted to a fundamental violation of his rights. The court went on to say that although the relief granted by the trial court in this instance is not the usual remedy in a post-conviction proceeding, under these circumstances, it was the appropriate relief. We believe that, notwithstanding the holding in *Perez*, the analysis in *Ferro* is the correct approach and elect to follow *Ferro*. This court is vested with appellate jurisdiction for appeals from final judgments of a circuit court and from other-than-final judgments when provided for by supreme court rule. The notice of appeal in the instant case does not vest this court with appellate jurisdiction

because it was not timely filed for a direct appeal from a final judgment and does not fall within the ambit of any other rule.

For the aforementioned reasons, the post-conviction hearing judge in the case at bar was without authority to order a new appeal. We believe the better practice would be to vacate the trial court's rulings on the petitioner's post-conviction petition and remand this cause to the circuit court for a proper determination on the merits of the defendant's claim of ineffective assistance of counsel for counsel's failure to raise the issue concerning the voluntary manslaughter instruction on appeal. If the trial court determines that appellate counsel was ineffective, the defendant is entitled to a new trial.

Vacated and remanded.

CHAPMAN and RARICK, JJ., concur.