Nos. 2--05--0307 & 2--05--0308 cons.                    filed: 12/6/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | No. 00--CF--1401 |
| v. | ) ) | |
| EDWARD GOLDEN, | ) ) ) | Honorable Raymond J. McKoski and Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judges, Presiding. |

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | No. 00--CF--1400 |
| v. | ) ) | |
| SANDRA HAISSIG, | ) ) ) | Honorable Raymond J. McKoski and Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judges, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Defendants, Sandra Haissig and Edward Golden, were convicted of two counts of theft of over $100,000 from their employer, Abbott Laboratories (Abbott) (720 ILCS 5/16--1(a)(1)(A), (a)(2)(A) (West 2000)).  The issue on appeal is whether the trial court that granted defendants' postconviction petitions erred in refusing to grant their requests for leave to file late notices of appeal from their convictions to remedy the errors of appellate counsel on their direct appeals.  We hold that

a trial court has no power to allow a late notice of appeal.  We affirm the judgment of the trial court granting defendants' postconviction petitions and remand this case with directions to the trial court to permit defendants to file petitions requesting different relief than they previously requested.

In August 2001, defendants were convicted following a bench trial.  On appeal to this court from the trial court's sentencing orders of October 9, 2001, defendants argued that their convictions of theft were improper as a matter of law because Abbott suffered no pecuniary loss from their conduct.  In a decision dated June 12, 2003, we affirmed defendants' convictions because they failed to include in the appellate record a certified transcript of the August 28, 2001, hearing at which the trial court convicted them of theft despite the fact that Abbott suffered no pecuniary loss from their actions.  People v. Haissig, Nos. 2--01--1410 & 2--01--1411 cons. (2003) (unpublished order under Supreme Court Rule 23).

Defendants filed a joint postconviction petition on June 25, 2004.  On August 5, 2004, they filed separate amended postconviction petitions, both of which alleged that defendants' appellate attorney provided ineffective assistance of counsel by failing to provide a complete record on appeal. In their prayers for relief, defendants asked leave "to resubmit [their] brief to the Appellate Court, Second District."

On February 25, 2005, the trial court held a hearing on defendants' amended postconviction petitions.  The trial court applied the performance-prejudice test of Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  The court found that the performance of defendants' appellate counsel fell below an objective standard of reasonableness due to counsel's failure to file the transcript of the August 28, 2001, hearing at which the trial court found defendants guilty.  The court also found that defendants were prejudiced by counsel's failure in that "the appellate

court could not address the merits of the appeal because of the deficient performance in which the transcript of ruling was not submitted." The court disagreed with defendants, however, over what relief the court had power to grant. Citing our decision in People v. Thomas, 292 Ill. App. 3d 891 (1997), defendants asked for leave to file late notices of appeal from the October 9, 2001, sentencing orders. The trial court refused on the ground that it had no power to "order the appellate court to do anything." The court opined that "the only thing the Court can do at this time point [sic] is either grant or deny the post conviction petition." On February 25, 2005, the trial court entered an order granting defendants' amended postconviction petitions "for the reasons stated in the official court transcript."

Defendants appealed to this court from the February 25, 2005, order. Defendants addressed exclusively the legal basis for their convictions. We directed the parties to submit supplemental briefs addressing whether we have appellate jurisdiction over defendants' appeals given that the order from which they appealed was favorable to them because it granted their postconviction petitions.

We hold that we do have jurisdiction because the trial court's judgment was partially adverse to defendants. "A party cannot complain of error which does not prejudicially affect it, and one who has obtained by judgment all that has been asked for in the trial court cannot appeal from the judgment." Material Service Corp. v. Department of Revenue, 98 Ill. 2d 382, 386 (1983). Defendants did not obtain all they asked from the trial court. Defendants' postconviction petitions were granted yet they were denied the particular relief they requested, i.e., leave to file late notices of appeal from the October 9, 2001, sentencing orders. Our jurisdiction extends only to the question of whether the trial court erred in denying defendants the relief they requested.

Defendants do not dispute that the 30-day window for filing notices of appeal from their convictions and the 6-month window for seeking leave to file late notices of appeal--both of which periods are specified in Supreme Court Rule 606(c) (188 Ill. 2d R. 606(c))--have long expired. Defendants contend, nonetheless, that they are entitled to bring new direct appeals from their convictions as a remedy for the ineffectiveness of appellate counsel in their former appeals.

Our analysis requires us to construe provisions of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2004)). Questions of statutory interpretation are reviewed de novo. People v. Ward, 326 Ill. App. 3d 897, 902 (2002).

Section 122--6 of the Act (725 ILCS 5/122--6 (West 2004)) provides what relief a trial court may grant a successful postconviction petitioner:

"If the court finds in favor of the petitioner, it shall enter an appropriate order with respect to the judgment or sentence in the former proceedings and such supplementary orders as to rearraignment, retrial, custody, bail or discharge as may be necessary and proper."

We construed this language in People v. Ferro, 195 Ill. App. 3d 282 (1990). We held that the trial court erred in granting the defendant a new appeal to rectify his appellate counsel's failure to raise a certain issue in his first appeal. Ferro, 195 Ill. App. 3d at 287. We explained that "there is no authority granted in section 122--6 of the Act to order a new appeal." Ferro, 195 Ill. App. 3d at 287.

The Fifth District Appellate Court followed Ferro in People v. Hightower, 233 Ill. App. 3d 188, 190 (1992), holding that "the grant of a new appeal predicated on ineffective assistance of counsel is not the appropriate remedy" under section 122--6 of the Act. The court further noted that, by virtue of Rule 606(c), "[e]xtension of time to file leave for appeal is a function solely of the reviewing court." Hightower, 233 Ill. App. 3d at 191.

We reaffirm here the interpretation of section 122--6 that we held in Ferro. Section 122--6 mentions only trial proceedings as the subjects of the trial court's power. Appellate proceedings are nowhere mentioned. Applying the maxim expressio unius est exclusio alterius, we hold that section 122--6 does not authorize the trial court to allow a late notice of appeal.

This interpretation harmonizes section 122--6 with Rule 606(c), which, as Hightower holds, vests the reviewing court alone with the power to allow the filing of a notice of appeal beyond the 30-day period specified in Supreme Court Rule 606(a) (188 Ill. 2d R. 606(a)). Rule 606(c) provides:

> "On motion supported by a showing of reasonable excuse for failing to file a notice of appeal on time filed in the reviewing court within 30 days of the expiration of the time for filing the notice of appeal, or on motion supported by a showing by affidavit that there is merit to the appeal and that the failure to file a notice of appeal on time was not due to appellant's culpable negligence, filed in the reviewing court within six months of the expiration of the time for filing the notice of appeal, in either case accompanied by the proposed notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing." (Emphasis added.)

Rule 606(c) circumscribes the power even of the reviewing court to permit a late notice of appeal. That is, the reviewing court has no authority to allow a notice of appeal beyond the periods specified in Rule 606(c). See People v. Hernandez, 283 Ill. App. 3d 312, 319 (1996); People v. Williams, 82 Ill. App. 3d 681, 683 (1980). " '[N]either the trial court nor the appellate court has the "authority to excuse compliance with the filing requirements of the supreme court rules governing appeals." ' " People v. Lyles, 217 Ill. 2d 210, 216 (2005), quoting Mitchell v. Fiat-Allis, Inc., 158 Ill. 2d 143, 150 (1994), quoting In re Smith, 80 Ill. App. 3d 380, 382 (1980).

Thomas, cited by defendants, is the latest in a line of cases holding that a trial court may allow a defendant to file a late notice of appeal from the defendant's original conviction as a remedy for ineffective assistance of appellate counsel.

The first in this line of cases is People v. Perez, 115 Ill. App. 3d 446 (1983), decided by the First District Appellate Court. In Perez, the defendant filed a postconviction petition alleging that his appellate counsel was ineffective for failing to file a notice of appeal from his conviction. The trial court granted the defendant's petition and allowed him to file a notice of appeal 17 months after his conviction. Perez, 115 Ill. App. 3d at 449. The State appealed the decision of the trial court, and the appellate court affirmed. The court explained that "[t]he right to appeal a criminal conviction is fundamental." Perez, 115 Ill. App. 3d at 451. The court found that counsel's failure to file a notice of appeal resulted in "a complete denial of access" to the appellate process--"a denial of a right of constitutional magnitude." Perez, 115 Ill. App. 3d at 451. The court rejected the State's contention that the trial court's allowance of a late notice of appeal was improper because no such relief is specified in section 122--6:

"Although the relief granted by the trial court in this instance is not the usual remedy provided in a post-conviction proceeding, under these circumstances it was the appropriate relief. ***
The trial court is not limited in its remedies by section 122--6 and the purpose of the Act, which is to promote the concept of fundamental fairness, was served by the trial court's order here." Perez, 115 Ill. App. 3d at 451.

The First District Appellate Court reaffirmed Perez in People v. Scott, 143 Ill. App. 3d 540 (1986). In Scott, appellate counsel failed to file a notice of appeal from the defendant's conviction, and the defendant filed a postconviction petition alleging ineffective assistance of appellate counsel.

The trial court denied the petition. Relying on <u>Perez</u>, the appellate court reversed the decision of the trial court and directed it "to appoint appellate counsel and allow filing of a late notice of appeal." <u>Scott</u>, 143 Ill. App. 3d at 542.

This district followed <u>Perez</u> and <u>Scott</u> in <u>People v. Swanson</u>, 276 Ill. App. 3d 130 (1995). In <u>Swanson</u>, the defendant's counsel failed to prosecute a motion to reconsider the defendant's sentence, which resulted in the removal of the motion from the call. Counsel also failed to file a notice of appeal as directed by the defendant. The defendant filed a postconviction petition alleging ineffective assistance of appellate counsel. The trial court denied the petition, but we reversed that decision, finding that the defendant "was completely denied his right to appeal by the ineffectiveness of defense counsel." <u>Swanson</u>, 276 Ill. App. 3d at 132. We agreed with <u>Perez</u> and <u>Scott</u>:

> "[W]hen a defendant is deprived of his right to appeal by a court-appointed attorney who fails to file a notice of appeal, the proper remedy is to allow a late notice of appeal to be filed. The restraints limiting what is normally cognizable under the Act are not applicable in such a case." <u>Swanson</u>, 276 Ill. App. 3d at 132.

We directed the trial court to allow the defendant to file any "post-judgment motion that could have been filed within 30 days from the date the trial court entered its order sentencing the defendant" and to allow the defendant "to appeal from an adverse ruling on any post-judgment motion that he files." <u>Swanson</u>, 276 Ill. App. 3d at 133.

In <u>Thomas</u>, we reaffirmed the principles of <u>Perez</u>, <u>Scott</u>, and <u>Swanson</u>. In <u>Thomas</u>, the defendant's counsel filed a notice of appeal from the denial of the defendant's motion to reconsider the trial court's denial of his motion to withdraw his guilty plea. Counsel thereafter filed a motion to reconsider sentence and asked that it be filed <u>nunc pro tunc</u> before the notice of appeal. The trial

court allowed this request and denied the motion to reconsider. The appeal proceeded on the basis of the notice of appeal, but we dismissed the appeal on the ground that the motion to reconsider sentence constituted an implicit motion to dismiss the notice of appeal. Because no new notice of appeal was filed after the trial court denied the motion to reconsider, we held that we lacked appellate jurisdiction. Thomas, 292 Ill. App. 3d at 892-93, citing People v. Thomas, No. 2--92--0728 (1993) (unpublished order under Supreme Court Rule 23). The defendant thereafter filed a postconviction petition arguing that his counsel was ineffective for failing to perfect his appeal. The defendant asked for a reinstatement of his appeal. The trial court denied the petition on the ground that it lacked jurisdiction to reinstate the defendant's appeal. Thomas, 292 Ill. App. 3d at 893. We reversed the decision of the trial court, explaining:

> "[I]t is within the power of the circuit court to grant, in appropriate cases, postconviction relief by allowing a new hearing on a defendant's postjudgment motions or by allowing a defendant to file a late notice of appeal--provided the relief is deemed necessary because of a satisfactory showing that counsel was ineffective. [Citation.]" Thomas, 292 Ill. App. 3d at 895.

We noted that counsel in the original appeal also failed to comply with Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). Accordingly, we remanded the case with directions to the trial court to allow the defendant to file a new postjudgment motion and to appeal from any adverse ruling on that motion. Thomas, 292 Ill. App. 3d at 895.

We decline to follow the Perez/Thomas line of cases insofar as they hold that a trial court has authority to allow a late notice of appeal. Notably, these cases appear not to conflict with our holding that section 122--6 does not authorize the trial court to enter orders affecting appellate proceedings.

Perez, for instance, held that "[t]he trial court is not limited in its remedies by section 122--6" and that the source of a trial court's power to allow a late notice of appeal lies in the "concept of fundamental fairness," not section 122--6. Perez, 115 Ill. App. 3d at 451. The holdings of Perez/Thomas remain, however, irreconcilable with Rule 606(c), which vests the reviewing court alone with the power to allow a late notice of appeal and precludes even the reviewing court from allowing a late notice of appeal where, as here, the time limits established by Rule 606(c) have expired.

Our holding that a trial court has no authority to allow a late notice of appeal does not leave without a remedy a defendant whose direct appeal was frustrated by the errors of appellate counsel. The defendant may bring a postconviction challenge arguing that his appellate counsel was ineffective under the performance-prejudice test of Strickland. In order to establish prejudice, the defendant generally must show that, but for the errors of appellate counsel, his appeal probably would have succeeded. See People v. Titone, 151 Ill. 2d 19, 36 (1992) (the defendant bears the "burden of demonstrating that but for his appellate counsel's supposed errors, there was a reasonable probability that his conviction would have been reversed"). But see People v. Moore, 133 Ill. 2d 331, 339 (1990) ("[N]o showing of prejudice is required where counsel failed to perfect defendant's appeal. Prejudice is presumed"). Section 122--6 permits the trial court to "enter an appropriate order with respect to the judgment or sentence in the former proceedings." 725 ILCS 5/122--6 (West 2004). If the trial court finds in favor of the defendant, it may grant him a new trial or simply vacate his conviction, depending on what relief the trial court determines would have been granted by the appellate court on the defendant's direct appeal. The State may, of course, appeal that decision. Likewise, if the trial court rules against the defendant, he may appeal.

Under the scheme we have described, if the periods designated in Rule 606(c) have elapsed, then a defendant, whose direct appeal from his conviction was frustrated by the failures of appellate counsel, cannot look to either the trial court or the appellate court for permission to attempt another direct appeal. The defendant's sole recourse for obtaining a direct appeal from his conviction will be our supreme court. In <u>Lyles</u> and <u>Moore</u>, the supreme court, exercising its supervisory power, reinstated criminal appeals that were dismissed for want of prosecution due to the inaction of appellate counsel. See <u>Lyles</u>, 217 Ill. 2d at 220; <u>Moore</u>, 133 Ill. 2d at 332. The power to reinstate an appeal lies in the supreme court alone. <u>Lyles</u>, 217 Ill. 2d at 216-17. The supreme court's supervisory power is "a broad and unusual power" (<u>Lyles</u>, 217 Ill. 2d at 217), but it is unclear whether the court would be willing to provide relief where the defendant's direct appeal was not dismissed yet still was unsuccessful because appellate counsel failed to raise a meritorious issue or, as here, neglected to provide a crucial transcript. Assuming the supreme court would choose not to rectify the ineffectiveness of appellate counsel in situations other than those presented in <u>Lyles</u> and <u>Moore</u>, the inevitable consequence is that some defendants whose direct appeals from their convictions were frustrated by the errors of counsel will not have as a remedy another chance for a direct appeal. We cannot conclude otherwise given the clear limitations that our supreme court has imposed on the trial and appellate courts.

This does not mean, however, that these defendants will suffer "a complete denial of access" to the appellate process, as the court in <u>Perez</u> phrased it. <u>Perez</u>, 115 Ill. App. 3d at 451. The <u>Perez</u> court apparently believed that, unless the defendant were given another opportunity for a direct appeal from his conviction, he would be altogether denied appellate review. This is mistaken. Under

the framework we have outlined, if a defendant does not prevail on his postconviction claim that counsel for his direct appeal was ineffective, he may take his case to the appellate court.

We conclude that the trial court correctly decided that it had no power to allow defendants to file late notices of appeal. We will not, however, leave defendants with no recourse other than to seek review in our supreme court or to seek leave to file second postconviction petitions alleging unreasonable assistance of postconviction counsel for seeking an unauthorized remedy from the trial court. Rather, we allow defendants the opportunity on remand to file postconviction petitions requesting relief that is permitted under section 122--6 of the Act as we interpret it today. We contemplate petitions that restate the claims of ineffective assistance brought in the prior petitions but request different relief. There is, of course, the question of whether the petitions would be subject to a procedural bar given that defendants have already filed petitions. The general rule is that " '[a] defendant who fails to include an issue in his original or amended postconviction petition *** may raise the issue in a successive petition if he can meet the strictures of the "cause and prejudice test." ' " People v. Jones, 213 Ill. 2d 498, 508 (2004), quoting People v. Jones, 211 Ill. 2d 140, 148-49 (2004). This language seems to hinge the applicability of the cause and prejudice test on whether the petition is an "amended" petition or a "successive" petition. The difference between an "amended" petition and a "successive" petition is not clear from the cases. One might propose that a petition must be deemed a successive petition if the prior petition was ruled on, but there are authorities that seem to undercut this idea. See People v. Whitehead, 169 Ill. 2d 355, 369 (1996) (although second petition had been ruled on, third petition was properly treated as an amended petition rather than a successive petition "to ensure that defendant obtain[ed] one complete opportunity to show a substantial denial

of constitutional rights").  Another possible criterion is whether the petition raises a claim not raised in the prior petition.  Section 122--1(f) of the Act (725 ILCS 5/122--1(f) (West 2004)) provides:

"Only one petition may be filed under this Article without leave of the court.  Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure.  For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process."

Section 122--3 of the Act (725 ILCS 5/122--3 (West 2004)) provides: "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." Referencing the language of section 122--3, our supreme court has said:

"Section 122--3 of the Act does not forbid the filing of a successive petition.  Rather, it provides that '[a]ny claim' not raised in the original or an amended petition is waived. [Citation.]  Thus, the fundamental fairness exception applies to claims, not to petitions, and the cause-and-prejudice test must be applied to individual claims, not to the petition as a whole."  People v. Pitsonbarger, 205 Ill. 2d 444, 462 (2002).

Under the approach suggested by these authorities, defendants would not have to meet the cause and prejudice test to file petitions that seek different relief than was requested in their prior petitions but do not include any new claims.

We need not decide on a criterion for the applicability of the cause and prejudice test. Even if the test would apply to the petitions we authorize defendants to file, the test would be met. Defendants were manifestly prejudiced by their decision to seek late notices of appeal, a remedy the trial court had no power to authorize. Defendants, however, had cause to believe that such relief was available because, when they argued their postconviction petitions, the law in this district was in conflict over whether a trial court may allow the filing of a late notice of appeal to remedy the ineffective assistance of counsel on direct appeal. Swanson and Thomas represented one school of thought, Ferro another. Given that defendants were faced with conflicting authorities when they requested from the trial court relief that this district only now definitively declares unavailable, we believe justice requires us to permit defendants to file postconviction petitions asking for relief that is allowed under section 122--6 of the Act as we interpret it today.[1]

If defendants do file postconviction petitions requesting relief that is proper under section 122--6 of the Act, then the trial court must revisit its analysis under the prejudice prong of Strickland. The trial court presumed that prejudice accrued from appellate counsel's failure to file the transcript of the trial court's finding of guilt. However, as far as our research discloses, prejudice is presumed only where the errors of appellate counsel prevented the defendant's appeal from being perfected. See Moore, 133 Ill. 2d at 339 ("[N]o showing of prejudice is required where counsel failed to perfect defendant's appeal. Prejudice is presumed"). Defendants unquestionably perfected their direct appeals. Therefore, defendants will have to show prejudice by demonstrating that, but for the error

---

[1]We do not grant defendants leave to bring new claims in their petitions. If defendants do seek to bring any new claims, the trial court will have to decide whether the claims satisfy the cause and prejudice test.

of appellate counsel, their direct appeals probably would have succeeded on the merits.  See <u>Titone</u>, 151 Ill. 2d at 36 (the defendant bears the "burden of demonstrating that but for his appellate counsel's supposed errors, there was a reasonable probability that his conviction would have been reversed").

We recognize that considerations of judicial economy favor our forgoing a remand to the trial court and simply deciding, here and now, the very question that defendants will almost inevitably put to the trial court on remand, <u>viz.</u>, Would this court have granted defendants relief on their direct appeals but for appellate counsel's error?  Though important, these considerations of economy cannot undo the fact that we have no jurisdiction to review the granting of defendants' postconviction petitions, as those judgments are favorable to them.  See <u>Material Service Corp.</u>, 98 Ill. 2d at 386 (a party cannot appeal from an order that is favorable to the party).

For the foregoing reasons, the judgments of the circuit court of Lake County are affirmed and we remand this case with directions to the trial court to permit defendants to file postconviction petitions requesting relief that is allowed under section 122--6 of the Act.

Affirmed and remanded with directions.

BOWMAN and KAPALA, JJ., concur.