Docket No. 104315.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. EDWARD GOLDEN *et al.*, Appellees.

*Opinion filed June 5, 2008.*

JUSTICE FITZGERALD delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, Kilbride, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

The State appeals the decision of the appellate court affirming the circuit court of Lake County's order denying postconviction petitioners Edward Golden and Sandra Haissig leave to file late notices of appeal, but remanding the cause and authorizing the petitioners to file successive petitions. For the reasons that follow, we vacate the appellate court's judgment and remand for further proceedings.

## BACKGROUND

Sandra Haissig, an engineer manager for Abbott Laboratories responsible for overseeing elevator maintenance, and Edward Golden, a maintenance employee for Abbott Laboratories with extensive

elevator repair experience, formed a company called Elevator Components, Inc. This company performed $300,000 of elevator repair work for Abbott Laboratories, while Haissig and Golden still worked there. Abbott Laboratories pressed theft charges, and Haissig and Golden were convicted of theft over $100,000 and sentenced to supervised probation and work release. They appealed, arguing only that their convictions were improper as a matter of law because Abbott Laboratories had not suffered any pecuniary loss. The petitioners' contentions were based, however, on transcripts missing from the appellate record–namely, the trial judge's rulings at the end of the bench trial and on the posttrial motions. The appellate court, accordingly, affirmed the convictions because it lacked a record to evaluate these claims. *People v. Haissig*, Nos. 2–01–1410, 2–01–1411 cons. (2003) (unpublished order under Supreme Court Rule 23).

The petitioners filed postconviction petitions, arguing that appellate counsel was ineffective for failing to file a complete record, and asked the trial court to order the appellate court to allow them to supplement the record and resubmit their briefs. They also made oral motions for leave to file late notices of appeal. The State filed a motion to dismiss the petitions, arguing that the petitioners had failed to show they were prejudiced by appellate counsel's performance, but in the hearing on its motion, the State was concerned only with the remedy that the trial court would fashion:

> "[F]rankly, we have looked, via the appellate prosecutor, looking all over the state for the exact phraseology or ruling that would be appropriate. We just can't find one. I really don't have a lot of guidance to try to help the Court on that because I just don't know what kind of exact order would be fashioned. We would object to anything that orders the appellate court to hear the case because it will be up to the appellate court if they are going to hear the case."

The trial court denied the State's motion and found that the petitioners had received ineffective assistance of counsel. Accordingly, the court granted the petitions, but denied the requested relief because it had no authority to order the appellate court to act. The trial court further decided that it could not allow the defendants to file late notices of appeal because their original notices of appeal

were timely. The defendants appealed, arguing only the propriety of their convictions.

The appellate court ordered the parties to submit supplemental briefs on the issue of appellate jurisdiction because the trial court's order actually granted their postconviction petitions. The appellate court held that it had jurisdiction: the petitions may have been granted, but the requested relief was not. 369 Ill. App. 3d 639, 641-42. The appellate court then addressed whether the trial court correctly concluded that it could not allow the petitioners leave to file late notices of appeal. The appellate court construed section 122–6 of the Post-Conviction Hearing Act, which lists possible remedies if the trial court finds in favor of a postconviction petitioner. Relying on *People v. Ferro*, 195 Ill. App. 3d 282 (1990), and *People v. Hightower*, 233 Ill. App. 3d 188 (1992), the court stated: "Section 122–6 mentions only trial proceedings as the subjects of the trial court's power. Appellate proceedings are nowhere mentioned. Applying the maxim *expressio unius est exclusio alterius*, we hold that section 122–6 does not authorize the trial court to allow a late notice of appeal." 369 Ill. App. 3d at 642-43. The appellate court observed that this interpretation of section 122–6 was consistent with Supreme Court Rule 606(c), which vests only the appellate court with the power to allow the defendant to file a late notice of appeal. 369 Ill. App. 3d at 643. The appellate court added that its holding did not leave defendants aggrieved by ineffective assistance of appellate counsel without a remedy:

> "The defendant may bring a postconviction challenge arguing that his appellate counsel was ineffective under the performance-prejudice test of *Strickland*. In order to establish prejudice, the defendant generally must show that, but for the errors of appellate counsel, his appeal probably would have succeeded. *** If the trial court finds in favor of the defendant, it may grant him a new trial or simply vacate his conviction, depending on what relief the trial court determines would have been granted by the appellate court on the defendant's direct appeal." 369 Ill. App. 3d at 646-47.

The appellate court affirmed the trial court's decision that the defendants received ineffective assistance of appellate counsel, as well as the trial court's decision denying the requested relief, but

remanded, contemplating and authorizing the petitioners to file successive postconviction petitions that restate their ineffective assistance claims, but request different relief. 369 Ill. App. 3d at 647. We allowed the State's petition for leave to appeal. 210 Ill. 2d R. 315(a).

## ANALYSIS

The State raises a single issue before this court: whether the appellate court had jurisdiction to remand after it affirmed the trial court's order granting the petitions, but denying the requested relief. According to the State, once the appellate court determined that the trial court had ruled correctly, the appellate court's jurisdiction ended because there was no other appealable order.

We agree with the State. The order that formed the basis of the appellate court's jurisdiction was the order granting the petitions, but denying the requested relief–including leave to file late notices of appeal. When the appellate court concluded that that order was correct, there was nothing left to remand. The appellate court's instructions on how petitioners should proceed, though laudable, were unnecessary and improper. The remand order was effectively an exercise of supervisory authority the appellate court does not possess. See *People v. Whitfield*, No. 102985 (December 13, 2007). Certainly, the petitioners have every right to file whatever pleadings they wish–*e.g.*, successive postconviction petitions (see 725 ILCS 5/122–1(f) (West 2004)), petitions for relief from judgment under section 2–1401 of the Code of Civil Procedure (see 735 ILCS 5/2–1401 (West 2004)), and *habeas corpus* petitions (see 735 ILCS 5/10–101 *et seq.* (West 2004)). They did not need an appellate court order to allow them to do so.

This conclusion, however, does not dispose of this case. The Post-Conviction Hearing Act provides a procedural mechanism through which a criminal defendant can assert that "in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122–1(a)(1) (West 1998). Here, the petitioners alleged that they received ineffective assistance of appellate counsel when their attorney failed to file a complete record.

-4-

The familiar two-prong test of *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), applies to claims of ineffective assistance of appellate counsel. *People v. Johnson*, 206 Ill. 2d 348, 378 (2002). A petitioner must show that appellate counsel's performance fell below an objective standard of reasonableness and that this substandard performance caused prejudice, *i.e.*, there is a reasonable probability that, but for appellate counsel's errors, the appeal would have been successful. *People v. Titone*, 151 Ill. 2d 19, 36 (1992). Because the petitioners' appeals were perfected, prejudice could not be presumed. See *People v. Moore*, 133 Ill. 2d 331, 339 (1990).

In its ruling on the petitions, the trial court stated that appellate counsel's performance "did fall below the *** objective standard of reasonableness." The court then commented on prejudice:

> "Now, did his performance–Was it so deficient that it prejudiced the defendants? And the question then is the appeal was filed[;] however, the appellate court could not address the merits of the appeal because of the deficient performance in which the transcript of the ruling was not submitted. And the appellate court would not accept the supplementation of the record, and so therefore the Court finds that the second prong of the [*Strickland*] test has been met. And that the appellants were prejudiced. Therefore, the postconviction petition will be granted."

This ruling can be read in two ways. The trial court may have decided that the petitioners were prejudiced by the mere fact that appellate counsel did not file a complete record, preventing the appellate court from reaching the merits of their appeals. This would be a misapplication of *Strickland*. Alternately, the trial court may have considered the complete record and decided that the petitioners were prejudiced because there was a reasonable probability that if appellate counsel would have filed that record, the appellate court would have reached a different result in their appeals. This would be a correct application of *Strickland*.

Though "[w]e ordinarily presume that the trial judge knows and follows the law unless the record indicates otherwise" (*People v. Gaultney*, 174 Ill. 2d 410, 420 (1996)), the State does pepper its brief with references to a lack of prejudice here. We conclude that the most

appropriate result would be to remand this cause, directing the trial court to properly apply *Strickland*.

If the trial court decides that the petitioners did receive ineffective assistance of appellate counsel, then it should fashion a proper remedy. Because this case does not involve a failure to file a notice of appeal (see *People v. Ross*, No. 103972 (June 5, 2008)), the relief available to the petitioners would be that listed in section 122–6 of the Post-Conviction Hearing Act (see *Ferro*, 195 Ill. App. 3d 282; *Hightower*, 233 Ill. App. 3d 188). If the trial court finds that the petitioners' constitutional rights were deprived, it is the court's prerogative to remedy the denial of their constitutional rights. The Act does not limit the trial court to the relief requested by the petitioners. In the exercise of our supervisory authority, we vacate the appellate court's judgment and remand to the trial court so the court may conduct a hearing on the petitioners' ineffective assistance of appellate counsel claims, consistent with this opinion.

## CONCLUSION

For the reasons that we have stated, we vacate and remand.

*Appellate court judgment vacated;*
*cause remanded.*