**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190428-U

Order filed April 22, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-19-0428 |
| v. | ) | Circuit No. 13-CF-300 |
| | ) | |
| DIEUSEUL BROWN, | ) | Honorable |
| | ) | Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Justices Holdridge and McDade concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Defendant failed to make a substantial showing that his due process rights were violated through inaccurate grand jury testimony.

¶ 2     Defendant, Dieuseul Brown, appeals from the second-stage dismissal of his postconviction petition. Defendant argues the Peoria County circuit court erred because his petition made a substantial showing of a due process violation and ineffective assistance of appellate counsel. We affirm.

¶ 3                                I. BACKGROUND

¶ 4        A grand jury indicted defendant with armed violence (720 ILCS 5/33A-2(a) (West 2012)), unlawful possession of a weapon by a felon (UPWF) (*id.* § 24-1.1(a)), and unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2012)).

¶ 5        Defendant filed a motion to dismiss the indictment as to count I, armed violence, arguing that the testimony presented to the grand jury was misleading and therefore a violation of due process. Defendant's motion alleged that, based on the grand jury transcripts compared to the police reports provided during discovery, Detective Steve Garner falsely testified to the grand jury that a gun and drugs were found on defendant at the time of his arrest. However, the State's discovery established that the gun and drugs were not recovered at the same time. Officers recovered the gun when they arrested defendant, but the drugs were not found until hours later when defendant was searched prior to being transferred to the county jail. The motion argued that the State engaged in prosecutorial misconduct by presenting inaccurate testimony to the grand jury in violation of defendant's due process rights. The day before the hearing, the State reindicted defendant on two new counts: armed violence (count IV) and unlawful possession of a controlled substance (count V). In support of these counts, Garner testified before a new grand jury that when he searched defendant upon arrest, he seized a gun. Another officer found drugs on defendant before transporting defendant from the police station to the county jail. Garner's new testimony was consistent with his police report. The State further stated it intended to dismiss counts I and III, the original armed violence and unlawful possession of a controlled substance charges.

¶ 6        At the hearing, defendant objected to the counts IV and V and argued that the new indictment was premature because the State could not reindict if the State relied on false testimony.

2

Defendant argued that the hearing must occur first, and the State could proceed on reindicting defendant if the circuit court ruled that it could. Defendant also argued:

> "We are not saying that Detective Garner was perjuring himself but we do not need to say that because the State is duty bound not to present any false or inaccurate or misleading testimony to a Grand Jury. Even inadvertent or an unintentional presentation of false or misleading asserts [*sic*] the role of the Grand Jury. And this is—and it constitutes prosecutorial misconduct. Prosecutorial misconduct is grounds for dismissal of the—is grounds for dismissal of the Indictment."

¶ 7    The State argued that the dismissal of the charges is an inappropriate remedy when there is no evidence that the State intended to mislead the grand jury and that it was not a violation of due process to correct mistakes in an indictment. The State contended that Garner simply made a mistake and misspoke at the grand jury hearing. Additionally, the new indictments were presented to a new grand jury that did not hear the first indictment and was therefore not prejudiced by the misleading testimony.

¶ 8    The court found that the caselaw only finds a due process violation when the State acted purposefully; whether the State intentionally misled the grand jury was not an issue here. The court acknowledged that the original testimony was inaccurate but found that the mistake was unintentional and denied defendant's motion to dismiss the indictment.

¶ 9    Following a bench trial, defendant was convicted of counts III, IV, and V. The court sentenced defendant to 18 years' imprisonment for armed violence and 8 years' imprisonment for UPWF, to be served concurrently. The unlawful possession of a controlled substance conviction merged with the other counts. Defendant appealed his convictions, arguing that the UPWF

conviction should be vacated under the one-act, one-crime doctrine because it was based on the same act used in his armed violence conviction. We affirmed defendant's convictions. *People v. Brown*, 2018 IL App (3d) 150070-B.

¶ 10    On October 2, 2017, defendant filed a postconviction petition arguing the circuit court abused its discretion by denying his motion to dismiss the indictment because Garner perjured himself at the grand jury, which violated his due process rights; if the grand jury had heard accurate testimony he likely would not have been indicted; the State was barred from reindicting him; and that his appellate counsel was ineffective for failing to raise the claim on his direct appeal. The petition advanced to the second stage, and the State filed a motion to dismiss arguing defendant forfeited all allegations in his petition by not raising them on direct appeal, and even if they were not forfeited, did not have merit. The court granted the State's motion. Defendant appeals.

¶ 11                                    II. ANALYSIS

¶ 12    Defendant argues the circuit court erred in granting the State's motion to dismiss his postconviction petition because he made a substantial showing of a due process violation in the indictment and ineffective assistance of appellate counsel.

¶ 13    The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)) sets forth a three-stage process for the remedy of substantial deprivations of a criminal defendant's constitutional rights. When, as in the instant case, a petition is advanced to the second stage of postconviction proceedings, the petitioner must make a " 'substantial showing of a constitutional violation' " to survive a motion to dismiss. *People v. Domagala*, 2013 IL 113688, ¶ 33 (quoting *People v. Edwards*, 197 Ill. 2d 239, 246 (2001)). This "substantial showing" is a measure of the legal sufficiency of the petition. *Id.* ¶ 35. At the second stage, all well-pled facts will be regarded as true unless positively rebutted by the record. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

4

The operative inquiry at this stage is whether the facts pled by a defendant, if proven true at an evidentiary hearing, would entitle him to relief. *Domagala*, 2013 IL 113688, ¶ 35. Postconviction claims that were raised and decided on direct appeal are barred by the doctrine of *res judicata* and claims that could have been raised on direct appeal, but were not, are forfeited. *People v. Barrow*, 195 Ill. 2d 506, 519 (2001). We review *de novo* the second-stage dismissal of a postconviction petition. *Pendleton*, 223 Ill. 2d at 473.

¶ 14        The State argues that defendant has forfeited his due process claim because he could have raised the issue on direct appeal. Defendant seeks to avoid this forfeiture by attributing the omission to ineffective assistance of appellate counsel. Defendant contends that he was prejudiced by appellate counsel's failure to raise this issue because it was meritorious and there is a reasonable probability that the appellate court would have reversed his convictions and granted him a new trial if the issue had been raised.

¶ 15        For a postconviction claim of ineffective assistance of appellate counsel to move from the second to the third stage of proceedings, the claim must make a substantial showing that (1) "appellate counsel's performance fell below an objective standard of reasonableness" and (2) "this substandard performance caused prejudice, *i.e.*, there is a reasonable probability that, but for appellate counsel's errors, the appeal would have been successful." *People v. Golden*, 229 Ill. 2d 277, 283 (2008). "Appellate counsel is not obligated to brief every conceivable issue on appeal, and it is not incompetence of counsel to refrain from raising issues which, in his or her judgment, are without merit, unless counsel's appraisal of the merits is patently wrong." *People v. Easley*, 192 Ill. 2d 307, 329 (2000). We first determine whether appellate counsel erred in failing to challenge defendant's reindictment on appeal.

5

¶ 16        An indictment may be dismissed if there is proof of prosecutorial misconduct. *People v. Fassler*, 153 Ill. 2d 49, 58 (1992). That is, defendant must show that the State misled the grand jury to prevent it from returning a meaningful indictment. *People v. DiVincenzo*, 183 Ill. 2d 239, 258 (1998). A due process violation will be found where the State "deliberately or intentionally misleads the grand jury, uses known perjured or false testimony, or presents other deceptive or inaccurate evidence." *Id.* at 257. Defendant must show that the deprivation was clear, and that it caused substantial prejudice. *People v. Oliver*, 368 Ill. App. 3d 690, 694-95 (2006). "[A] due process violation consisting of prosecutorial misconduct before a grand jury is actually and substantially prejudicial only if without it the grand jury would not have indicted the defendant." *Id.* at 696-97.

¶ 17        Defendant has failed to make a substantial showing of a due process violation resulting from a factual misstatement that occurred during the initial grand jury proceedings. First, defendant cannot show that the State acted intentionally. Defendant asserts that the State knowingly presented inaccurate evidence to the grand jury and provides no support. The record clearly rebuts this contention, as defendant's trial counsel stated at the hearing on the motion to dismiss the indictment that Garner's misstatement could have been inadvertent or unintentional. Moreover, once it became clear that the grand jury heard inaccurate testimony, the State took steps to correct the mistake, which is indicative of the conduct being unintentional.

¶ 18        Further, defendant has not shown that he was actually and substantially prejudiced by the first indictment. Defendant argues that it was likely that the grand jury would not have returned an indictment against him if it had heard the accurate testimony. However, a second grand jury heard accurate testimony and indicted defendant on counts IV and V, which were identical to counts I and III. It is evident from the subsequent indictment that there was sufficient evidence to indict

defendant without Garner's mistaken testimony from the original grand jury hearing. Because defendant was successfully reindicted and cannot prove prosecutorial misconduct, he also cannot make a substantial showing that he was prejudiced by the first grand jury indictment.

¶ 19 As defendant's underlying challenge to the indictment is without merit, appellate counsel was not ineffective for failing to pursue this claim on direct appeal. See *Easley*, 192 Ill. 2d at 329. Therefore, the circuit court did not err in denying defendant's postconviction petition.

¶ 20                                      III. CONCLUSION

¶ 21 The judgment of the circuit court of Peoria County is affirmed.

¶ 22 Affirmed.