**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 230750-U

Order filed August 1, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0750 Circuit No. 07-CF-1554 |
| MARTIN E. GOMEZ, | ) ) ) | Honorable Carmen Julia Goodman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Peterson and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   The court properly denied the defendant's second-stage postconviction petition.

¶ 2        The defendant, Martin E. Gomez, appeals following the Will County circuit court's second-stage denial of his postconviction petition. Specifically, the defendant argues he established ineffective assistance of appellate counsel where counsel failed to challenge the indictment due to the State's alleged prosecutorial misconduct.

¶ 3                                            I. BACKGROUND

¶ 4        The defendant was charged with four counts of first degree murder (720 ILCS 5/9-1(a)(1), (2), (3) (West 2006)), armed robbery (*id.* § 18-2(a)(1)) and home invasion (*id.* § 12-11(a)(2)). He filed a motion to discharge the public defender and proceed *pro se*, which the court ultimately granted. The defendant subsequently filed a motion to dismiss the indictment, alleging that the State committed prosecutorial misconduct by presenting misleading evidence during the grand jury proceeding resulting in a due process violation. Specifically, the defendant asserted that the State improperly contended that (1) the defendant's bloody shirt was located at the crime scene, (2) the defendant's blood was found at the crime scene, (3) a third DNA profile could have been left by someone who lived with the victim, and (4) cell phone records placed the defendant in the vicinity of the crime scene. The court denied the defendant's motion and the matter proceeded to a jury trial. The jury found the defendant guilty of all counts. The defendant filed a posttrial motion alleging, *inter alia*, that the court improperly denied his motion to dismiss the indictment. We reversed and remanded for a new trial due to the court's improper waiver of counsel admonishment under Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). *People v. Gomez*, 2013 IL App (3d) 110444-U, ¶ 18.

¶ 5        Following remand, the circuit court granted the defendant's request to proceed *pro se* and appointed standby counsel. On April 23, 2015, while discussing the defendant's pretrial motions, the defendant asked if the court was bound by the pretrial motion rulings from the defendant's first trial. The court responded, "[i]t is a new trial all together. We start anew." On June 4, 2015, the defendant filed a motion to dismiss the indictment, followed by several amendments. In the motions, the defendant reasserted his claims that the State presented misleading evidence during the grand jury proceeding resulting in a due process violation. On November 18, 2015, the court

granted the State's motion to strike the defendant's motion "without prejudice" because it was not "grounded in *** law" that would allow relief.

¶ 6 On October 24, 2015, the matter proceeded to a jury trial. The evidence adduced at trial established that Will County sheriff's deputies responded to a welfare check on May 9, 2007, for Joseph Salamie and discovered signs of a struggle at his residence. Deputies located Salamie near his residence deceased. The defendant had previously worked at Salamie's farm and lived in a trailer on the property. The defendant's live-in girlfriend, Jennifer Gustafson, observed the defendant return home on a night in May 2007 with his clothing covered in blood. Several neighbors also observed the defendant wearing bloody clothing. The defendant told Gustafson that he intended to rob Salamie but the incident resulted in murder. The defendant stole Salamie's wallet, which held credit cards later located in the defendant's vehicle and near the defendant's residence.

¶ 7 Records placed the defendant's cell phone near Salamie's residence around the time of the murder. None of the fingerprint evidence collected from the scene was positively matched to the defendant. From the several blood samples collected from Salamie's residence, testing showed that the defendant's profile could not be excluded from only one sample. None of the other samples matched the defendant's profile.

¶ 8 Following his arrest for the present offense, the defendant told fellow inmate Miguel Hurtado that Salamie's ex-girlfriend paid him to kill Salamie. The defendant told Hurtado that he was worried Gustafson could be a witness against him and the defendant wanted her dead. The defendant asked for Hurtado's help, provided Gustafson's identifying information, and discussed a plan to kill her. The jury found the defendant guilty of all charges.

3

¶ 9 On November 3, 2016, the defendant filed a "motion for judgment notwithstanding the verdict." The defendant argued (1) the State presented insufficient evidence to prove the defendant guilty beyond a reasonable doubt, (2) the State committed prosecutorial misconduct at trial when it "twist[ed] the evidence" and presented unsupported theories, and (3) the court improperly instructed the jury as to the applicable law, which violated his right to due process.

¶ 10 On January 17, 2017, the defendant filed a motion for a new trial contending, *inter alia*, (1) "the State prejudiced the defendant by going outside his indictment and presented a new element for arm[ed] robbery, claiming that the defendant stole the victim's credit cards," establishing a fundamental defect which prevented him from raising an adequate defense at trial and (2) ineffective assistance of standby counsel for failing to properly advise him during trial to object to the State presenting evidence outside the elements alleged in the indictment. The court denied the defendant's posttrial motions and sentenced the defendant to consecutive sentences totaling 31 years' imprisonment.

¶ 11 On direct appeal, the defendant claimed that (1) the State committed prosecutorial misconduct during closing arguments and (2) the circuit court erred when admonishing the venire during jury selection. In affirming, we found that the State did not commit prosecutorial misconduct. *People v. Gomez*, 2020 IL App (3d) 170126-U, ¶¶ 48, 52, 58. Additionally, we concluded that while the court committed error when admonishing the venire, the evidence was not closely balanced, and the error did not require reversal. *Id.* ¶¶ 73, 75.

¶ 12 On January 19, 2021, the defendant filed a postconviction petition alleging, *inter alia*, ineffective assistance of appellate counsel for failing to (1) present the issue on appeal that the "trial court erred by sending DNA blood evidence to the jury during deliberation" and (2) assert a cumulative error claim. The court advanced the defendant's petition to the second stage and

appointed counsel. Counsel filed an amended postconviction petition alleging the ineffective assistance of appellate counsel as to the defendant's first direct appeal, which resulted in a reversed conviction and a new trial, and his second direct appeal. Specifically, counsel asserted that both appellate counsels were ineffective for failing to set forth a claim that the court improperly denied the defendant's motion to dismiss the indictment due to prosecutorial misconduct. The court granted the State's motion to dismiss the defendant's postconviction petition. The defendant appealed.

¶ 13                                    II. ANALYSIS

¶ 14        On appeal, the defendant argues the court improperly denied his petition at the second stage when he established ineffective assistance of appellate counsel on both his first direct appeal and second direct appeal. Specifically, the defendant asserts that both appellate counsels were ineffective for failing to set forth a claim that the court improperly denied the defendant's motion to dismiss the indictment due to alleged prosecutorial misconduct.

¶ 15        Under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)), a defendant may assert that the proceeding resulting in his conviction substantially denied him of his constitutional rights. *Id.* § 122-1(a)(1). During the second stage, the court "must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation." (Internal quotation marks omitted.) *People v. Tate*, 2012 IL 112214, ¶ 10. "The purpose of the post-conviction proceeding is to permit inquiry into constitutional issues involved in the original conviction and sentence that were not, nor could have been, adjudicated previously on direct appeal." *People v. Lucas*, 203 Ill. 2d 410, 417-18 (2002). Issues that could have been raised on direct appeal, but were not, are procedurally defaulted or forfeited. *People v.*

*English*, 2013 IL 112890, ¶ 22. We review the circuit court's second-stage dismissal of a postconviction petition *de novo*. *People v. Sanders*, 2016 IL 118123, ¶ 31.

¶ 16 To prevail on a postconviction petition claim of ineffective assistance of appellate counsel, a defendant must make a substantial showing that "appellate counsel's performance fell below an objective standard of reasonableness and that this substandard performance caused prejudice, *i.e.*, there is a reasonable probability that, but for appellate counsel's errors, the appeal would have been successful." *People v. Golden*, 229 Ill. 2d 277, 283 (2008). "Appellate counsel is not obligated to brief every conceivable issue on appeal, and it is not incompetence of counsel to refrain from raising issues which, in his or her judgment, are without merit, unless counsel's appraisal of the merits is patently wrong." *People v. Easley*, 192 Ill. 2d 307, 329 (2000). "Thus, if the underlying issue is not meritorious, defendant has suffered no prejudice from counsel's failure to raise that issue on appeal." *People v. Peeples*, 205 Ill. 2d 480, 514 (2002). The failure to satisfy either prong precludes a finding of ineffective assistance of counsel. *Id.* at 513.

¶ 17 First, we address the defendant's claim regarding the ineffective assistance of appellate counsel during his first direct appeal. Prior to the defendant's first appeal, he filed a motion to dismiss the indictment and asserted that the court erred in denying his posttrial motion. Appellate counsel did not raise this issue on appeal, but nonetheless, the appeal was successful (see *Golden*, 229 Ill. 2d at 283), and the defendant was granted relief by way of a new trial. See *Gomez*, 2013 IL App (3d) 110444-U, ¶ 18. When the matter was remanded, the defendant was awarded a renewed opportunity to proceed on pretrial motions and a new trial. *People ex rel. Department of Transportation v. Firstar Illinois*, 365 Ill. App. 3d 936, 940 (2006) (where a reviewing court's mandate provides that a matter should be remanded for a new trial, the word "trial" should be read to encompass "all phases of a trial, including all pretrial matters"). The court properly explained

6

the remand procedure and the defendant proceeded to file a new motion to dismiss the indictment, which the court denied. *Supra* ¶ 5. The defendant clearly had the opportunity to again challenge any issues with the indictment and did so. Therefore, the defendant cannot show that he was prejudiced by appellate counsel's failure to raise the issue in the first direct appeal.

¶ 18    Second, the defendant asserts the ineffective assistance of counsel following his second direct appeal for failing to assert any claim related to the denial of his motion to dismiss the indictment for prosecutorial misconduct during the grand jury proceedings. The State asserts that the defendant forfeited this claim by failing to both object at the time and include the contention in a posttrial motion. "Appellate review is generally restricted to what has been properly presented and preserved of record in the trial court. And a defendant's right to appeal must be exercised within the procedural framework established by law." *People v. Harrawood*, 66 Ill. App. 3d 163, 168 (1978); see *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (to preserve an issue for appeal, a defendant must raise it both at the trial and in a written posttrial motion). We agree with the State.

¶ 19    Importantly, following his second trial, the defendant filed two posttrial motions that raised several claims, though neither motion asserted an issue related to the alleged prosecutorial misconduct during the grand jury proceedings. *Supra* ¶¶ 9-10. Therefore, the only argument the defendant could raise in this regard is whether he received ineffective assistance of appellate counsel where counsel failed to argue any grounds to excuse the defendant's forfeiture, *i.e.*, plain error. The defendant presents no such argument and fails to address his claim under a proper forfeiture analysis. It is the defendant's burden to show that the underlying claim of ineffective assistance of appellate counsel had merit, and his failure to provide a cohesive argument under the lens of forfeiture results in the procedural default of that claim. See *Golden*, 229 Ill. 2d at 283; *Peeples*, 205 Ill. 2d at 514; *People v. Edwards*, 2012 IL App (1st) 091651, ¶ 29 ("A reviewing

7

court is entitled to have issues clearly defined with *** cohesive arguments presented; this court is not a repository into which an appellant may foist the burden of argument and research."). Therefore, the court properly denied the defendant's second-stage postconviction petition.

¶ 20                                    III. CONCLUSION

¶ 21            The judgment of the circuit court of Will County is affirmed.

¶ 22            Affirmed.